Opinion issued October 14, 2004



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00820-CR




STEVIE AARON PETRO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 929831




  O P I N I O N

          Appellant, Stevie Aaron Petro, pleaded not guilty to aggravated robbery. A
jury found appellant guilty and sentenced him to confinement for five years in prison
and a fine of $2000. In two issues, appellant contends that the evidence is legally and
factually insufficient to sustain his conviction. We affirm.
Background
          On November 7, 2002, at approximately 9:00 p.m., as Geraldine Ukegby and
Grace Bassey walked to their car parked at an apartment complex in southwest
Houston, appellant pointed a gun at Ukegby’s head and demanded her purse. When
Ukegby gave appellant her purse, he and an accomplice fled. Ukegby and Bassey
drove their car around the apartment complex until they encountered a peace officer
in his patrol car and reported the robbery to him. Because the peace officer was at the
complex for an unrelated matter, he directed the women to wait in their car while he
attempted to summon another officer to the scene to assist them. The women parked
their car behind the officer’s patrol car. After waiting about 30 minutes for another
peace officer to arrive, the women saw appellant walking through the apartment
complex and notified the peace officer. The officer took appellant to the patrol car,
where both women identified him as the robber. The officers searched the area and
never found the gun used in the robbery, Ukegby’s purse, or the man who
accompanied appellant during the robbery. At appellant’s trial, both women
identified appellant in court as the armed gunman who took Ukegby’s purse. Sufficiency of the Evidence
          Appellant’s two issues challenge the legal and factual sufficiency of the
evidence to support his conviction for aggravated robbery. 
          A person commits aggravated robbery if he commits robbery and uses or
exhibits a deadly weapon. Tex. Pen. Code. Ann. § 29.03(a)(2) (Vernon 2003). A
person commits robbery if, in the course of committing theft and with intent to obtain
or maintain control of the property, he intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death. Id. § 29.02(a)(2). “In the course
of committing theft” means conduct that occurs in an attempt to commit theft, during
the commission of theft, or in immediate flight after the commission of theft. Id. §
29.01(1). A person commits theft if he unlawfully appropriates property with the
intent to deprive the owner of the property. Id. § 31.03(a). 
          In assessing legal sufficiency, we determine whether, based on all of the record
evidence, viewed in the light most favorable to the verdict, a rational jury could have
found the accused guilty of all of the essential elements of the offense beyond a
reasonable doubt.


 Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). In
conducting our review of the legal sufficiency of the evidence, we do not reevaluate
the weight and credibility of the evidence, but only ensure that the jury reached a
rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).           In a factual sufficiency review, we view all the evidence in a neutral light and
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamila v. State, No.
74, 494, 2004 WL 1462077 at *1 (Tex. Crim. App. June 30, 2004).


 In conducting
a factual-sufficiency review, we must discuss the evidence that appellant asserts is
most important in allegedly undermining the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). In conducting the factual sufficiency
review, we must also employ appropriate deference to the factfinder so that we do not
substitute our judgment for that of the fact finder. Zuniga v. State, No. 539-02, 2004
WL 840786, at *4 (Tex. Crim. App. Apr. 21, 2004). Unless the available record
clearly reveals a different result is appropriate, an appellate court conducting a factual
sufficiency review must defer to the factfinder’s determination concerning the weight
given contradictory testimonial evidence because resolution often turns on an
evaluation of credibility and demeanor. Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim.
App. 2000). 
          Appellant’s legal and factual sufficiency complaints concern his identification
as the perpetrator of the aggravated robbery.


 He contends that the women’s
identifications of him are not sufficiently reliable to be legally or factually sufficient
to support his conviction. Appellant makes eight challenges to the women’s
identifications of him.


     
1. Lack of Physical Evidence
          Appellant suggests that the evidence is insufficient to support his guilt because 
no physical evidence supports the women’s identifications of him. Appellant points
to the undisputed facts in the record, which show that neither the gun used to commit
the robbery nor any of the fruits of the crime were found in appellant’s possession or
were subject to his control after his arrest. 
          A reasonable jury could have rationally determined that the 30-minute time
lapse between the time of the offense and the time of appellant’s arrest allowed
appellant sufficient time to dispose of any physical evidence that may have connected
him to the offense. Given the circumstances presented here, which include the
women’s positive identifications of appellant, the jury could reasonably have
concluded, that the absence of physical evidence to connect appellant with the
offense was immaterial. See Aguilar v. State, 468 S.W.2d 75, 77 (Tex. Crim. App.
1971) (holding that testimony of eyewitness alone sufficient to support jury’s
verdict); see also Johnson v. State, No. 01-03-00319-CR, 2004 WL 1472064, at *3
(Tex. App.— Houston [1st Dist.] July 1, 2004, no pet. h.) (designated for publication)
(holding that differences in witness testimony and lack of physical evidence are
factors for jury to consider in weighing evidence). 
2. Descriptions of Robber’s Height 
          Appellant contends that the evidence to support his conviction is insufficient
because the two women described the robber’s height differently. The record
contains conflicting evidence concerning the robber’s height. Bassey testified the
robber was about five feet and four inches tall, but Ukegby testified the robber was
five feet and ten inches tall. Ukegby’s description of the robber’s height, however, is
consistent with the description of appellant’s height given by Officer Boutte, the
officer who transported appellant to the police station on the night of the robbery. 
Despite the inaccuracy of Bassey’s estimation of appellant’s height, Bassey testified
that she got a good look at appellant while he committed the robbery and she was
“positively sure” of her identification of him. The jury could have reasonably
determined that the discrepancy in Bassey’s description of the robber’s height was
minor when considered with the certainty of her identification of appellant. See
Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (concluding that four-inch discrepancy in description of robber’s height compared to defendant’s actual
height and discrepancy in description of his hair length was minor discrepancy when
considered with all evidence).
3. Lack of Hood on Appellant’s Jacket
          Appellant contends that the evidence is inconsistent because the women
described the robber as wearing a jacket with a hood, but appellant’s jacket did not
have a hood. The undisputed record shows that when appellant was arrested, he was
wearing a black, hooded sweatshirt underneath a black outer jacket that did not have
a hood. Additionally, although the officer testified that appellant’s jacket did not
have a hood, the officer said appellant “had a hood on him.” Whether the hood was
on the sweatshirt or on the jacket, the undisputed evidence shows that appellant wore
clothing with a hood on it. A reasonable jury could have rationally concluded that
the women’s clothing description was sufficiently similar to the officer’s description
of appellant’s clothing to be reliable. We defer to the jury the weight to give any
contradictory testimonial evidence concerning appellant’s attire under these
circumstances because the resolution of the issue turns on an evaluation of credibility
and demeanor of the witnesses at trial. See Johnson, 23 S.W.3d at 8. 
4. Description of Word on Robber’s Jacket
          Appellant contends that neither woman reported to the officer that the robber’s 
jacket had the word “cowboy” written on the back of it and that the women did not
mention that description until after appellant’s jacket was shown to them at trial. The
record shows, however, that the officer testified that he could not recall whether or
not the women reported that the robber’s jacket had the word “cowboy” on the back. 
At trial, both Ukegby and Bassey identified appellant’s jacket as the same jacket worn
by the robber. Appellant’s complaint is, in essence, an assertion that the women’s
testimony is unbelievable because their trial testimony changed to conform to the
physical evidence. Under these circumstances, we defer to the determination of the
jurors, who heard the women testify, concerning what weight to give allegedly
contradictory testimony, because resolution of contradictions necessarily turns on
evaluation of credibility and demeanor. See Johnson, 23 S.W.3d at 8. 
5. Descriptions of Robber’s Voice
          Appellant contends that the women’s identification of him as the robber cannot
be accurate because their descriptions of his voice differ. Ukegby testified that the
robber’s voice was “deep,” while Bassey testified that his voice was “medium-heavy”
and “medium, not too deep.” Although the women used different adjectives to
describe the robber’s voice, both women recognized and identified appellant’s voice
as that of the robber’s. What weight to give the differing descriptions of the robber’s
voice is a matter best left to the jury because resolution turns on evaluation of
credibility and demeanor. Id. Under the circumstances presented here, a reasonable
jury could have rationally found that the descriptions of the robber’s voice were
consistent with the appellant’s. 
6. Failure to Identify Appellant Immediately in Court
          Because Ukegby did not immediately identify appellant in court when she was
asked to identify him, appellant maintains the evidence is insufficient to establish his
identity as the robber. The record shows the following dialog:
State’s attorney: Ms. Ukegby, I’m going to ask you, do you see the
person that robbed you that night here in the
courtroom?
 
Witness: No.
 
State’s attorney: Okay. So you cannot identify anyone in the
courtroom as to who robbed you?
 
Witness: No.
 
State’s attorney: If you can’t, that’s fine. I just need to know.
 
Witness: That’s him right there (indicating).

The cold record offers no explanation concerning the reasons for the delay in
Ukegby’s identification. The jury, however, was present to observe the circumstances
of Ukegby’s in court identification, and was therefore in the best position to assess
the weight and credibility of the identification. Under these circumstances, we will
not disturb that identification on appeal. See id. 
7. Descriptions of Direction of Robber’s Gun
          Appellant contends that the evidence supporting his conviction is insufficient
because Ukegby testified that the gun was pointed at her head, but Bassey testified
that the gun was pointed at Ukegby’s neck. The undisputed evidence shows that the
gun was pointed above Ukeby’s shoulders. The weight to give any discrepancy
concerning whether the gun was pointed at the complainant’s head or neck is a matter
best resolved by the jury based on their evaluation of the witnesses’ credibility and
demeanor. See id. 
8. Circumstances of Identification of Appellant at Scene
          Appellant argues that neither woman faced appellant directly while identifying
him when he was detained in the backseat of the patrol car on the night of the
robbery. According to the record, both women stood on the side of the patrol car
while identifying the detained appellant. Complainant was “a hundred percent” sure
and her companion was “positively sure” of their identification of appellant at the
scene of the robbery. Whether the women directly faced appellant or not at the scene,
the record shows they were positive about their identification of appellant as the
robber. Because the jury’s resolution turned on evaluation of credibility and
demeanor of the witnesses at trial, we defer to the jury assessment of the weight to
give appellant’s identification at the scene. See Johnson, 23 S.W.3d at 8. Summary 
          The jury heard both women testify that appellant pointed a gun at Ukegby and
demanded her purse. Both women remembered and recognized appellant’s face and
voice as those of the robber. Appellant’s arrest occurred near the area of the robbery
within 30 minutes of the offense, after a sufficient length of time for him to have
disposed of any physical evidence linking him to the crime. Any discrepancies in the
descriptions of the robber’s clothing and physical characteristics, and any
discrepancies in the manner of the witnesses’ in-court and out-of-court identifications
are matters best left for the jury’s evaluation of the credibility and demeanor of the
witnesses who appeared before them. See id. 
           Viewing all of the evidence in the light most favorable to the verdict, a rational
jury could have found beyond a reasonable doubt that appellant robbed Ukegby with
a firearm. We conclude that the evidence is legally sufficient to prove the essential
elements of the offense of aggravated robbery beyond a reasonable doubt. See
Swearingen, 101 S.W.3d at 95.           
          After viewing the evidence in a neutral light, we conclude that the evidence
supporting the verdict is not too weak to support the finding of guilt beyond a
reasonable doubt and that the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met. See Escamila, 2004 WL
1462077, at *1 . Therefore, the jury was rationally justified in finding appellant
guilty of aggravated robbery beyond a reasonable doubt. See id. We conclude that
the evidence is factually sufficient to prove the essential elements of the offense of
aggravated robbery beyond a reasonable doubt. See Johnson, 2004 WL 1472064, at
*3 (holding testimony sufficient to support conviction for aggravated robbery because
conflicting testimony concerning perpetrator’s identity and lack of physical evidence
were factors for jury to consider in weighing evidence).  
          We overrule appellant’s two issues.
Conclusion
          We affirm the judgment of the trial court.

 

 

 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish. Tex. R. App. P. 47.2(b).