Roberto Rodriquez AGUILAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 44145.

Court of Criminal Appeals of Texas.

June 16, 1971.

---

Thomas V. Priolo, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for assault with intent to murder with malice aforethought; the punishment, twenty-five years.

As his first ground of error, appellant contends the evidence is insufficient to support the jury's verdict.

Juan Bustos testified that on September 27, 1969, he and the appellant went out into the country and spent about two hours shooting his .22 pistol; that they had been drinking throughout the afternoon. He stated that the appellant asked him if he could purchase the gun, and that he later delivered possession of the said gun to the appellant. They returned to Amarillo at approximately 8:30 P.M. and went to the Longhorn Bar. Jesus Kiros Valadez was at the bar and he and appellant exchanged greetings, whereupon appellant told him "somebody was going to shoot" him. Then Valadez stated: "If somebody going to shoot me, that's all right, I'm here." Valadez turned from appellant, began drinking beer, and was shot twice in the back. Appellant and Bustos immediately fled from the bar, going in different directions, pursued by bar patrons and employees. Numerous individuals were present at the time of the shooting, but only one testified that she actually saw appellant with a pistol.

The record reflects the following testimony by Market Sally Ray:

"Q. Were you working there on the 27th of September of 1969, the night which there was a shooting?

"A. Yes, I was.

"Q. Did you see the shooting?

"A. Yes.

\*   \*   \*   \*   \*   \*

"Q. Now, at this time were you able to see the gun?

"A. No, because—well, before it went off, I did; but afterwards I was in a state of shock and I looked down and took off running.

"Q. How many shots were fired?

"A. I don't know right now; I know it was more than two. I'm not sure.

"Q. All right. Now, did you chase the men?

"A. Yeah, we took off after them and we just saw this one run to the car and he couldn't make it in the car and he started running off catty-cornered from the Longhorn. We didn't see the sight of the other one, I don't know which direction—

"Q. Were you able to catch that man?

"A. Luiz is the one that caught him.

"Q. Now, was the one you caught the same one that Carmen Baca helped catch? (Referring to Bustos)

"A. Yeah, we were all bunched up.

"Q. Now, was the one you and Carmen Baca caught of the two men, was this the same man that had done the shooting, or was it the man that had not done the shooting?

"A. *He was the one that didn't do the shooting.* (Emphasis supplied)

\*   \*   \*   \*   \*   \*

Well he's the one I saw with the gun when the gun went off, the other man." (Referring to appellant)

We conclude that the testimony of the eye witness alone was sufficient to support the jury's verdict. See Lopez v. State, 172 Tex.Cr.R., 356 S.W.2d 674. Further, under this testimony, the failure of the court to charge on circumstantial evidence was not error. This was brought as ground of error number four. See Lane v. State, 162 Tex.Cr.R. 305, 284 S.W.2d 723.

Appellant's first and fourth grounds of error are overruled.

The second and third grounds of error are that the evidence is insufficient to support a conviction for assault with intent to murder with malice as there is no evidence of malice between the appellant and the assaulted party and no apparent motive.

The court charged the jury on malice.

Malice may be inferred from the circumstances and does not require any specific length of time for germination or growth, but may arise at any instant or immediately. Haynes v. State, 167 Tex.Cr.R. 68, 317 S.W.2d 945; Hernandez v. State, 157 Tex.Cr.R. 112, 247 S.W.2d 260; Oliver v. State, 155 Tex.Cr.R. 461, 236 S.W.2d 143; Morse v. State, 154 Tex.Cr.R. 561, 229 S.W.2d 376; Jones v. State, 153 Tex.Cr.R. 345, 220 S.W.2d 156; Harvey v. State, 150 Tex.Cr.R. 332, 201 S.W.2d 42.

The intentional shooting of one with a pistol is sufficient to authorize the jury to find that the shooting was actuated by malice. Sloan v. State, Tex.Cr.App., 409 S.W.2d 412; Peterson v. State, Tex.Cr.App., 399 S.W.2d 813; Stewart v. State 168 Tex.Cr.R. 166, 324 S.W.2d 228, cert. denied 363 U.S. 815, 80 S.Ct. 1253, 4 L.Ed.2d 1155. See also Bell v. State, Tex.Cr.App., 398 S.W.2d 133; Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123.

■ Motive is not essential in order for malice to exist. Holland v. State, Tex.Cr. App., 216 S.W.2d 228.

Appellant's second and third grounds of error are overruled.

■ Appellant's fifth ground of error alleges that the trial court commented on the weight of the evidence by "over-emphasizing, by repetition and example, the assault with intent to murder with malice aspect of the case * * *."

We note that the charge is in substantial compliance with that set out in 4 Branch's Ann.P.C.2d, Section 1850.1.

Ground of error number five is overruled.

■ By his sixth ground of error, appellant alleges the trial court's granting of a state's motion for continuance to procure a missing subpoenaed witness was prejudicial error, as the state then produced an unsubpoenaed witness. The record reflects the following testimony:

"MR. REESE (State's Attorney): In that regard, I can only offer the court my best understanding that even a relatively short delay is likely to produce Mr. Gallegos, although we have no knowledge of his whereabouts, because we are so surprised.

"THE COURT: Mr. Reese, the motion for a continuance to another term or another week will, of course, be denied. It is now 3:15 in the afternoon, and we will recess the trial until 9:30 in the morning."

Article 29.13, Vernon's Ann.C.C.P., provides:

"A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had."

■ Continuance is a matter within the sound discretion of the trial judge, and we find no abuse of such. Appellant's sixth ground of error is overruled.

■ Appellant's seventh ground of error alleges that all available state's witnesses present at the time of the shooting should have been called to testify.

This court, in Escamilla v. State, Tex.Cr. App., 464 S.W.2d 840, at 841, speaking through Judge Roberts, stated:

"An examination of the record shows a sufficiency of the evidence at the time the State rested. There is no rule that requires the State to call all witnesses subpoenaed. It is only necessary that the proof be present. Kidwell v. State, 35 Tex.Cr.R. 264, 33 S.W. 342; Trotter v. State, 37 Tex.Cr.R. 468, 36 S.W. 278; McGrew v. State, Tex.Cr.App., 47 S.W. 226."

In the case at bar, unlike Escamilla v. State, supra, the alleged absent witnesses were not even subpoenaed.

Ground of error number seven is overruled.

■ By his eighth ground of error appellant contends that the trial court abused its discretion by denying his application to take depositions. The record reflects that the said motion was filed on the day of trial. The transcription of the court reporter's notes reveals the following:

"THE COURT: I have before me the motions filed by the Defendant to take the depositions of certain witnesses, and an objection to the Indictment. Let the record reflect that these instruments were filed with the Court at 9:30 a. m. on Wednesday, July 22nd, 1970. Let the record further reflect that at the docket call on Monday morning, both the State and the Defendant announced ready for this trial. The motions will be overruled.

"MR. PRIOLO: Note our exception.

"(A jury was duly impaneled.)"

Article 39.02, V.A.C.C.P., provides for the taking of depositions of witnesses and the trial court has wide discretion in either granting or denying an application. Under the facts of this case no abuse of discretion is shown. See Langston v. State, Tex.Cr.App., 416 S.W.2d 821.

There being no reversible error, the judgment is affirmed.