Opinion issued January 27, 2005







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01241-CR




LONZA JAMES ADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 958779




MEMORANDUM OPINION

          A jury found appellant, Lonza James Adams, guilty of aggravated robbery and
assessed punishment at 14 years’ confinement. We hold that the evidence is factually
sufficient to support the conviction. We therefore affirm.
Background
          On August 17, 2003, Donishia Robinson went to a Walgreen’s pharmacy near
Homestead and Tidwell. Adams, an albino African-American, approached Robinson
in the parking lot and asked for money. Robinson declined, and Adams turned away. 
Adams then pointed a gun at Robinson and asked, “Do you have any money now?” 
Afraid that Adams would shoot her, Robinson gave him six dollars. Adams ran away,
toward the shopping center. Robinson drove to her home a few minutes away and
told her mother about the robbery. 
          Robinson called her boyfriend, Gerard Williams, and told him about the
robbery, describing her assailant as an “albino-type.” When Williams received the
call on his cellular telephone, he was in his car, “maybe two to three minutes” from
the crime scene. Williams disregarded Robinson’s request to meet her at home, and
instead drove to the shopping center to search for the assailant. Williams saw an
albino man, who appeared to be “bothering” a gentleman in front of the Payless shoe
store. To ensure that he had found the correct man, Williams called Robinson and
described Adams and his clothing. Robinson confirmed that the description matched
her assailant. Williams’s cousin, who had been riding with Williams, called the
police. Officer Ken Nealy, of the Houston Police Department Robbery Division,
responded to the call. Adams did not flee. Robinson returned to the parking lot,
identified Adams, and again identified him the next day in a photo array. 
          At trial, Robinson demonstrated to the jury that Adams was close to her during
the robbery. She further demonstrated how Adams pointed the gun “sideways” at her. 
She testified that the gun had a brown handle and a black top. She explained that she
did not report the incident immediately, because she was “scared,” “shook up,” and
“just wanted to get home.” Although the shopping center is busy and others were
present, she thought that no one witnessed the robbery. She did not know that several
stores in the center employed security guards and off-duty police officers. 
          Officer Nealy testified that the police searched for a gun, but did not recover
one. The search included trash cans in the shopping center and several nearby
garbage dumpsters. Nealy further testified that the center is a “high crime” area. 
“Hijackers” were known to reside in an apartment complex behind the center. 
Aggravated Robbery
          Adams contends that the evidence is factually insufficient to support his
conviction for aggravated robbery. A person commits aggravated robbery if he
intentionally or knowingly threatens or places another in fear of imminent bodily
injury or death in the course of committing theft with intent to obtain or to maintain
control of the property and uses or exhibits a deadly weapon (here, a firearm). See
Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003); see also id. § 29.02(a)(2)
(Vernon 2003).
 
Standard of Review
          In a factual sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 814 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 483 (Tex. Crim. App. 2004)). Although our analysis considers all the
evidence presented at trial, the trier of fact is the exclusive judge of the facts, the
credibility of the witnesses, and the weight to be given to their testimony. Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We may not substitute our own
judgment for that of the fact finder. Johnson v. State, 23 S.W.3d 1, 12 (Tex. 2000). 
Sufficiency of the Evidence
          Adams concedes that the following evidence supports the conviction. 
Robinson identified Adams as her assailant at the scene of the robbery on the day it
occurred. She later identified Adams in a photo array and at trial. Within minutes of
the robbery, Robinson’s boyfriend, Williams located an individual in the same
parking lot, with the same “albino-type” physical characteristics, wearing the same
clothing, who was “bothering” other individuals. Adams contends that the evidence
is factually insufficient based on (1) Robinson’s credibility, (2) mistaken identity, (3)
Adams’s behavior, and (4) the lack of a gun. 
          Robinson’s Credibility
          Adams disputes Robinson’s credibility because she neither called the police nor
notified anyone at the shopping center about the robbery. Adams contends that
Robinson later identified him merely to avoid an investigation. Robinson testified
that she did not report the incident immediately because she was “scared,” “shook
up,” and “just wanted to get home.” The jury, as the exclusive judge of the credibility
of the witnesses, was free to believe Robinson. See id. Adams complains that,
although the shopping center is a high-traffic area, Robinson was the lone witness. 
The testimony of one witness, however, is sufficient to support a conviction. See
Aguilar v. State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) (holding that testimony
of eyewitness alone is sufficient to support verdict). 
          Mistaken Identity
          Adams complains of mistaken identity, contending that “a greater number of
albinos might pass through the immediate vicinity” because the crime scene was a
“high traffic” and “high crime” area with numerous nearby apartments, businesses,
and bus stops. The record contains no evidence, however, that the area contained a
greater population of albino African-American men resided in the area; thus, no
evidence exists to support Adams’s mistaken identity complaint. 
          Adams’s Behavior 
          Adams contends that his behavior when police arrived at the scene “undercut
his characterization as a robber.” Officer Nealy and Williams stood about 50 yards
away in the shopping center when Williams identified Adams. Officer Nealy
approached and detained Adams. Williams testified that Adams looked surprised;
whereas, Officer Nealy testified that Adams did not look surprised. Adams did not
flee. The jury was free to believe that Adams’s reaction upon arrest held little, if any,
weight. See Johnson, 23 S.W.3d at 12.
          Lack of a Gun
          Adams contends that the evidence is insufficient because the police did not
recover a gun. The State need not produce an actual gun to support a deadly weapon
finding. See Chandler v. State, 855 S.W.2d 38, 42 (Tex. App.—Fort Worth 1993, no
pet.) (holding no error in deadly weapon jury charge based on “positive, unimpeached
testimony” about gun when actual gun recovered, but not admitted in evidence);
Rogers v. State, 795 S.W.2d 300, 303 (Tex. App.—Houston [1st Dist.] 1990, pet.
ref’d) (holding evidence sufficient based on store clerk’s testimony that gun used
during robbery resembled photograph displayed at trial). 
          Here, Robinson testified that Adams pointed a gun at her and demanded
money. She was certain that Adams “had a weapon when he took [her] money.” She
demonstrated to the jury that Adams was close to her when he pointed the gun
“sideways” during the robbery. She further testified that the gun had a brown handle
and a black top. She thus gave a detailed description of the gun and how Adams held
it. The jury observed Robinson’s demeanor, and therefore, was entitled to evaluate
her credibility and the weight of her testimony. The jury chose to believe Robinson,
and we defer to that determination. After reviewing all of the evidence, we find that
a reasonable trier of fact could have found that Adams pointed a gun at Robinson
during the robbery. See Chandler, 855 S.W.2d at 42; Rogers, 795 S.W.2d at 303. 
Conclusion
          Viewing all of the evidence neutrally, we hold that the evidence is factually
sufficient to support the conviction. See Escamilla, 143 S.W.3d at 817. We therefore
affirm the judgment of the trial court.



                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).