NO.
12-04-00353-CR

 

                     IN THE COURT
OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

ARDIE
DEAN FISHER,                                  §                 APPEAL FROM THE 173RD

APPELLANT

 

V.                                                                         §                 JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                       §                 HENDERSON COUNTY, TEXAS

                                                                                                                                                           


                                                     MEMORANDUM
OPINION

Appellant Ardie Dean Fisher was convicted of
aggravated assault with a deadly weapon and sentenced to thirty-five years of
imprisonment.  In two issues, Appellant
contends that the evidence was legally and factually insufficient to support
his conviction.  We affirm.

 

                                                               Background

Appellant was indicted for aggravated assault with a
deadly weapon, a second degree felony.  See
Tex. Pen. Code Ann. §
22.02(a)(2), (b) (Vernon Supp. 2005). 
The indictment contained an enhancement paragraph, which elevated the
offense to a first degree felony.  See
id. § 12.42(b). 
Appellant pleaded “not guilty,” and the case proceeded to a jury trial.

The evidence at trial showed that Appellant and his
girlfriend, Erica Sanders, lived together at the Victoria Place Apartments in
Athens, Texas.  On August 15, 2003,
Sanders called Appellant on the telephone, accusing him of infidelity.  When Sanders made the call, she was at her
job at a local nursing home, and Appellant was at their apartment.








Appellant was enraged by Sanders’s accusation and
began destroying furniture in the apartment while he was still on the telephone
with Sanders.  Sanders heard the noise
and left work to go to the apartment.

When Sanders arrived, Appellant began assaulting her
in front of Michael Tilley and other men who were in the apartment.  Appellant grabbed Sanders and pulled her into
the back bedroom of the apartment. 
Sanders observed at this time that all of her furniture had been
destroyed.  Once they were in the
bedroom, Appellant loaded a .12 gauge sawed-off shotgun, put it in Sanders’s
mouth, and told her to “suck it.” 
Sanders stated during her testimony that she was afraid and believed
Appellant was about to kill her.  During
the incident with the shotgun, Appellant said to Sanders, “You’re not worth me
killing.  I’m just going to torture you
until you wish and think you was dead.”             

After keeping the shotgun in her mouth for five
minutes, Appellant told Sanders to get undressed.  She pleaded with him not to make her take off
her clothes.  However, Appellant did not
relent, and Sanders disrobed.  Appellant
then dragged her back to the front room where the other men were sitting.  In front of these men, Appellant beat her, spit
on her, and poured water on her.  None of
the men assisted Sanders during the assault. 
Appellant then dragged her from the front room back to the bedroom where
he tied a blue bandana around Sanders’s mouth and beat her with his hands, his
feet, and boards from a broken dresser. 
Sanders stated that some time later she grabbed some of her clothes,
left the apartment through an open door, and ran to the manager’s office.  Once inside the manager’s office, the people
there locked the door, and the manager called the police.

Michael Tilley, one of the men in the apartment,
testified that he saw Appellant drag Sanders to the bedroom and heard Appellant
telling Sanders to put “it” in her mouth. 
He also heard the sound of Appellant “cocking” the gun.  Tilley stated that although he could not see
what happened in the bedroom, he could hear the sound of the gun and heard
Sanders pleading and crying.  Tilley also
heard Appellant tell Sanders to “get naked.” 









Athens police officer Jimmy Hugghins testified that
when he arrived at the apartment complex office, Sanders was visibly
shaken.  He stated that Sanders was
“upset, crying from the assault, not fully clothed and had swollen cheeks and
dried blood in the corner of her mouth.” 
Sanders told him that the assault lasted about an hour.  When the officer went to the apartment,
Appellant was no longer there.  Hugghins
observed extensive damage to the contents of the apartment.  Although a shotgun was found in the
apartment, it was not the shotgun that Sanders said Appellant used during the
assault.  A warrant was issued for Appellant’s
arrest, and he was later taken into custody for aggravated assault with a
deadly weapon.

The jury found Appellant guilty of aggravated
assault with a deadly weapon and sentenced him to thirty-five years of
imprisonment.  This appeal followed.

 

                                       Legal Sufficiency of the Evidence

In his first issue, Appellant complains that the
trial court erred by denying his motion for directed verdict and argues that
the evidence is legally insufficient to support his conviction.  Specifically, Appellant contends that there
was an absence of proof that a deadly weapon was used in the commission of the
assault.  The State counters that the
evidence was legally sufficient to support the jury’s verdict.  Appellant also argues that the evidence was
insufficient to show serious bodily injury. Because the infliction of serious
bodily injury was not an element of the offense charged, evidence of that
element was not required for conviction. 
Therefore, we do not address the argument.

A challenge to the denial of a motion for an
instructed verdict is actually a challenge to the legal sufficiency of the
evidence.  Jackson v. State,
50 S.W.3d 579, 597 (Tex. App.–Fort Worth 2001, pet. ref’d).  Consequently, we address Appellant’s first
issue as a legal sufficiency challenge.

Standard of Review

In reviewing the legal sufficiency of the evidence,
we must determine, by viewing the evidence in the light most favorable to the
jury’s verdict, whether any rational trier of fact could have found beyond a
reasonable doubt the essential elements of the offense charged.  See Jackson v. Virginia, 443
U.S. 307, 320, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); see also Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  The evidence is examined in the light most
favorable to the jury’s verdict.  See Jackson,
443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at
186.  A successful legal sufficiency
challenge will result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).








Aggravated Assault with a Deadly Weapon

A person commits aggravated assault with a deadly
weapon if he intentionally, knowingly, or recklessly causes bodily injury to
another and uses or exhibits a deadly weapon during the commission of the
assault.  Tex. Pen. Code Ann. §§ 22.01 (a)(1), 22.02(a)(2) (Vernon
Supp. 2005).             A person uses a deadly weapon during the commission of an
offense if “the deadly weapon was employed or utilized in order to achieve its
purpose.”  Patterson v. State,
769 S.W.2d 938, 941 (Tex. Crim. App. 1989). 
A person “exhibits” a deadly weapon when “the weapon was consciously shown
or displayed during the commission of the offense.”  Id.  Use of a deadly weapon extends to any
employment of a deadly weapon, even its simple possession, if such possession
facilitates the associated felony.  Id.
 Merely exposing a deadly weapon
during the course of a criminal transaction is sufficient to prove the weapon
was “used or exhibited” during the course of the transaction.  See McCain v. State, 22 S.W.3d
497, 503 (Tex. Crim. App. 2000) (evidence was sufficient to prove a knife was
“used” during a robbery even though it was only partially exposed).  A firearm is a deadly weapon. Tex. Pen. Code Ann. § 1.07(a)(17)(A)
(Vernon Supp. 2005).  

In the case at bar, the State presented the
testimony of Sanders, the victim of the offense.  She testified that she was assaulted by
Appellant, who used a .12 gauge sawed-off shotgun during the commission of the
assault.  She described the weapon’s
location as “in the closet” of the bedroom where she and Appellant slept.  When asked about the incident, Sanders stated
that “he loaded up the gun and put it in my mouth” after Appellant dragged her
to the back bedroom.  She said he shoved
it down her throat until she gagged. 
During her testimony, she described the gun as a short, single barrel
sawed-off shotgun.  When asked about a
camouflage shotgun that was later found in the apartment, she stated that it
was not the gun used on her.

Michael Tilley also testified as an “eyewitness” to
the beating, but did not actually observe the sawed-off shotgun Sanders
described.  He stated that he never saw
Appellant remove a shotgun from the apartment. 
Tilley testified that he saw Appellant drag Sanders to the bedroom and
could hear Appellant telling Sanders to put “it” in her mouth.  He also heard the sound of Appellant “cocking”
the gun and saw Appellant wearing a wristband with shotgun shells in it.








Officer Hugghins testified that no firearm fitting
Sanders’s description of the gun used in the assault was ever found in the
apartment.  He testified that the only
weapon found at the residence was a camouflage shotgun.

Appellant argues that his conviction should be
overturned because there is no corroboration of Sanders’s testimony regarding
the weapon.  It is well established that
a conviction may be based on the testimony of a single eyewitness.  Aguilar v. State, 468 S.W.2d
75, 77 (Tex. Crim. App. 1971). 
Therefore, this argument is without merit. Moreover, in addition to
Sanders’s testimony about the weapon, the jury also heard Tilley’s testimony,
which indicated that Appellant used a weapon during the assault.

Based upon our review of the record, we conclude
that a rational trier of fact could have found the essential elements of
aggravated assault with a deadly weapon beyond a reasonable doubt. Accordingly,
we hold that the evidence is legally sufficient to support Appellant’s
conviction.  Appellant’s first issue is
overruled.

 

                                                       Factual Sufficiency

In his second issue, Appellant contends that the
evidence was factually insufficient to support his conviction.

Standard of Review

As the court of criminal appeals has explained,
"There is only one question to be answered in a factual sufficiency
review:  Considering all of the evidence
in a neutral light, was a jury rationally justified in its finding of guilt
beyond a reasonable doubt?”  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  There are two ways in which the evidence may
be factually insufficient.  Id.  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, the contrary evidence may be strong
enough that the beyond-a-reasonable-doubt standard of proof could not have been
met.  Id. at 484-85.  








In applying this standard, we consider all of the
evidence weighed by the jury that tends to prove the existence of the elemental
fact in dispute and compare it to the evidence that tends to disprove that
fact.  Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
Although we are authorized to disagree with the jury’s determination,
even if probative evidence exists that supports the verdict, see Clewis,
922 S.W.2d 126, 133 (Tex. Crim. App. 1996), our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  

Analysis

In challenging the factual sufficiency of the
evidence, Appellant complains, as he did in his legal sufficiency challenge,
that the testimony at trial was not sufficiently consistent to support the
jury’s verdict.  Specifically, Appellant
argues that Sanders’s testimony was inconsistent with the evidence at the scene
and that Tilley’s testimony does not support Sanders’s claim that a weapon was
used in the commission of the assault. 
Appellant also contends that the jury’s decision to accept Sanders’s
version of the facts is unreasonable.

We do not perceive any inconsistencies in the record
that render the evidence factually insufficient to support a finding that
Appellant used a deadly weapon (a firearm) during the assault.  As noted earlier, the weapon Sanders
described was never located by law enforcement. 
Testimony that the weapon was never located is evidence that tends to
disprove the use of the weapon described by Sanders.  However, the following exchange between
Appellant’s attorney and Tilley on cross examination relates to whether
Appellant used a weapon:

 

Q:         Okay. 
But you really didn’t see it, so you don’t know for a fact whether or
not a gun was back there, do you?  You
didn’t see it?

 

A:         Yeah, there was a gun back there.

 

Q:         Well, how do you know that?

 

A:         He had a wristband on his arm that you
hold the shells in.

 

Q:         He had a wristband on his arm?

 

A;         Yes.

 

Q:         During this assault?

 

A:         Yes.

 

Q:         So you’re saying during this assault
[Appellant] had a wristband on with shotgun shells in it?

 








A:         Yeah, had – it’s – that you hold shells
in.

 

 

This testimony supports, rather than conflicts with,
Sander’s testimony regarding Appellant’s use of a weapon.

Based upon our review of the record, we hold that
the evidence supporting the jury’s finding that Appellant used a deadly weapon
during the assault is not too weak to support the finding nor is the contrary
evidence strong enough that the State could not have met its burden of proof.  Consequently, we hold that the evidence is
factually sufficient to support the jury’s finding that Appellant used or
exhibited a deadly weapon during the assault. 
As such, the evidence is factually sufficient to support Appellant’s
conviction.  Appellant’s second issue is
overruled.

 

                                                                 Disposition

Having overruled Appellant’s first and second
issues, the judgment of the trial court is affirmed.

 

  
 DIANE DEVASTO   

    
Justice

 

 

Opinion
delivered November 16, 2005.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                             (DO
NOT PUBLISH)