Affirmed and Memorandum Opinion filed January 10, 2008








 Affirmed and Memorandum Opinion filed January 10, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00573-CR

_______________

 

ANDREW RAMIREZ MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 180th District Court

 Harris County, Texas

Trial Court Cause No. 1006866

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

A jury
found appellant, Andrew Ramirez Martinez, guilty of murder.  The trial court
assessed a sentence of thirty years= confinement.  In two issues,
appellant contends the evidence is legally and factually insufficient to support
his conviction.  

All
dispositive issues are clearly settled in law.  Accordingly, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

 

 








I. Background

Helen
Bryers met complainant, Mario Prado, in July or August of 2004, when
complainant helped her change a flat tire near an apartment complex on Westview
Drive in Houston, Texas.  The two quickly became friends after complainant
helped Bryers acquire crack cocaine a few days later.  Subsequently, they saw
each other a few times a week, primarily to smoke crack cocaine.

On
October 30, 2004, Bryers drove to the apartment complex to pick up
complainant.  Bryers noted complainant seemed unusually scared and nervous that
day.  The two drove to Bryers=s house where they ate dinner, watched movies, and drank
beer.  Bryers testified that they did not use any cocaine that evening because,
at the time, she could not afford it.  

At
approximately 10:00 p.m., Bryers and complainant returned to the apartment
complex.  As complainant stepped out of Bryers=s car, another vehicle approached and
complainant argued with the vehicle=s driver.  Immediately after
complainant and the driver concluded their argument and the driver left, two
men, one on foot and another on a bicycle, approached complainant.  Complainant
then argued with these men.  During this argument, the man on foot produced a
handgun and ultimately fired a number of shots at complainant.  One bullet
struck complainant in the back of the head, killing him.  

At
trial, eyewitnesses Bryers and Jennifer Nicasio identified appellant as the
gunman.  Investigating police officers and an assistant medical examiner also
testified for the State.  The jury convicted appellant of murder, and this
appeal followed.

II. Analysis

In two
issues, appellant contends the evidence is legally and factually insufficient
to support his conviction for murder.[1]   








A.        Legal
Sufficiency

In
evaluating legal sufficiency, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Salinas v. State, 163 S.W.3d
734, 737 (Tex. Crim. App. 2005).  We ensure only that the jury reached a
rational decision and do not act as a second arbiter of the weight and
credibility of testimony.  See Muniz v. State, 851 S.W.2d 246 (Tex.
Crim. App. 1993).  The jury  is the sole judge of the credibility of witnesses
and is free to believe or disbelieve all or part of a witness=s testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998). 

A person
is guilty of murder if he (1) intentionally or knowingly causes the death of
another or (2) commits an act clearly dangerous to human life with the intent
to cause serious bodily injury that causes the death of an individual.  See Tex.
Pen. Code Ann. ' 19.02 (Vernon 2003). 

Appellant
contends the evidence is legally insufficient to support his conviction for
murder because the State presented no physical evidence that he murdered the
complainant.  Specifically, appellant notes that no weapon was recovered or
presented at trial, no fingerprint evidence linked him to the murder despite
the police recovering a number of fingerprints from the crime-scene, and no DNA
evidence linked him to the murder despite the police recovering some fluid that
appeared to be saliva or semen.  However, appellant ignores the
well-established rule that the testimony of a single eyewitness may be
sufficient to support a jury=s verdict.  Aguilar v. State, 468 S.W.2d 75, 77
(Tex. Crim. App. 1971).








In this
case, two eyewitnesses identified appellant as complainant=s murderer.  Jennifer Nicasio
testified that, although she did not witness the actual shooting, she heard
gunshots and then observed appellant running away from the shooting, carrying a
gun.  Additionally, Helen Bryers testified that she observed appellant, in the
midst of an argument with complainant, produce a handgun and fire three to five
shots, killing complainant.  The testimony of these witnesses is sufficient to
prove that appellant intentionally or knowingly caused the death of complainant
or that he committed an act clearly dangerous to human life with the intent to
cause serious bodily injury that caused the death of complainant.  Consequently,
after reviewing the evidence in the light most favorable to the verdict, we
conclude the evidence is legally sufficient to support appellant=s conviction for murder.

B.        Factual
Sufficiency

In
evaluating factual sufficiency of the evidence, we view all the evidence in a
neutral light and will set aside the verdict only to prevent manifest
injustice.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  In conducting a factual sufficiency review, we engage in a two prong
test to determine whether there is some objective basis to find: (1) the
evidence in support of the jury=s verdict, although legally sufficient, is nevertheless so
weak that the jury=s verdict seems clearly wrong and unjust; and (2) in
considering conflicting evidence, the jury=s verdict, although legally
sufficient, is nevertheless against the great weight and preponderance of the
evidence.  Id. at 417.  Although a factual-sufficiency review authorizes
an appellate court to act in the capacity of a so-called Athirteenth juror,@ due deference must be accorded the
fact finder=s determinations, particularly those determinations concerning the weight
and credibility of the evidence.  See Johnson v. State, 23 S.W.3d 1, 9
(Tex. Crim. App. 2000).








Appellant
contends the evidence in support of the jury=s verdict is factually insufficient
because there was no physical evidence connecting him to the murder and the
State=s two eyewitnesses were not
credible.  However, as stated above, the jury=s verdict may be sufficiently
supported on the testimony of a single witness, even where the State introduces
no corroborating physical evidence.  See Aguilar, 468 S.W.2d at 77. 
Both eyewitnesses= testimony at trial connected appellant to complainant=s murder.  Nicasio heard gunshots and
subsequently observed appellant running with a gun, and Bryers observed
appellant argue with complainant, produce a gun, and shoot complainant.

Appellant
further argues that a litany of facts should have caused the jury to disbelieve
both witnesses= testimony.  With respect to Nicasio, appellant notes she had a long
criminal history including convictions for prostitution, possession of crack
cocaine, and the unauthorized use of a motor vehicle.  Further, she testified
at appellant=s trial while wearing a prison jumpsuit after she was arrested for
criminal trespass.  Nicasio described complainant as her Apartner in crime@ and testified that they Aused to go stealing together.@  Additionally, she could only
identify appellant by the nickname AFlaco,@ and on the night of the murder she
hid and did not speak to the police until the following month when police
approached her in the morning outside a sports bar after she had spent the
prior night under the influence of crack cocaine.  With respect to Bryers,
appellant notes she also had a long criminal history including convictions for
prostitution, criminal trespass, possession of crack cocaine, and assault. 
Additionally, during the police investigation of the murder, she gave police an
alias in order to avoid arrest for outstanding traffic warrants.  Lastly,
appellant notes that although Bryers originally told the police she would be
unable to identify the gunman, she subsequently identified appellant in both
photo and physical lineups.

Appellant
also contends it is likely that Bryers was mentally impaired on the night of
complainant=s murder.  He notes that during the time Bryers knew complainant, they
smoked cocaine together approximately two to three times a week.  Further, the
assistant medical examiner testified that a toxicology analysis indicated
complainant used cocaine within an hour of his death.  Therefore, appellant
alleges that Bryers likely used cocaine with complainant shortly before his
death.  Additionally, appellant notes that Bryers drank three beers with
complainant prior to his murder.








The jury
was in the best position to judge the credibility of the witnesses, and we
defer to its judgment unless the record clearly indicates that a different
result is appropriate.  See Johnson, 23 S.W.3d at 9.  The jury could
have reasonably believed the eyewitnesses= testimony despite the challenges to
their credibility.  Both Bryers and Nicasio testified that they were sober on
the  night of complainant=s murder.  Additionally, Bryers testified that, at the time
of trial, she had been sober for sixty days.  The jury could have relied on
Nicasio=s identification of appellant despite
her ignorance of his given name.  Nicasio identified appellant as the gunman;
testifying that she saw AFlaco@ running away from the shooting with a gun, and that she knew
appellant as AFlaco.@  Moreover, the jury was entitled to decide the weight, if any, to assign
to Nicasio and Bryers=s past convictions, their history of drug abuse, and any
inconsistencies in their testimony when evaluating their credibility.  After
reviewing the record, we cannot conclude the evidence was so weak that the
verdict is clearly unjust, nor can we conclude that any conflicting evidence is
against the great weight and preponderance of the evidence.

Accordingly,
we overrule appellant=s two issues.  The judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed Janurary 10, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  In his brief, appellant presents his
factual-insufficiency claim as his first issue for review and his
legal-insufficiency claim as his second issue.  However, because a finding that
the evidence is legally insufficient would require us to reverse the trial
court=s judgment and render a judgment of acquittal, we will
review appellant=s legal-sufficiency claim first.