COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





REUBEN GALVAN,

                            Appellant,

v.


THE STATE OF TEXAS,
 
                            Appellee.

                           

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-08-00191-CR

Appeal from the

County Court at Law No. 4

of El Paso County, Texas 

(TC#20070C07147)





O P I N I O N

            Reuben Galvan appeals his conviction for driving while intoxicated. A jury found
Appellant guilty of the charged offense, and the trial court sentenced him to 180 days in jail,
which was probated for 15 months. On appeal, Appellant challenges the factual and legal
sufficiency of the evidence supporting his conviction. We affirm.
            On June 3, 2007, Keith Hemmitt (“Mr. Hemmitt”), a security guard on the Santa Fe Port
of Entry Bridge, saw an SUV “coming up the bridge at a high rate of speed” from Mexico and
crossing over to the U.S. side of the bridge. The vehicle was going faster than other traffic and
weaving in and out of traffic. Because Appellant was speeding, the security guard tried to flag
him down with a flashlight. Appellant yelled obscenities at Mr. Hemmitt and others as he drove
up to the waiting line. Mr. Hemmitt walked to the primary customs booth, which served the
traffic lane through which Appellant’s SUV would pass through and reported Appellant’s
combatant behavior to Customs and Border Protection Officer Guerrero. He also waited for
Appellant to drive up to the booth in order to identify him to the customs officer.
            In the course of the primary inspection, Officer Guerrero detected the smell of alcohol
and ordered Appellant’s vehicle to secondary inspection. At the secondary inspection area, other
customs officers also detected an odor of alcohol coming from the vehicle and Appellant himself. 
These officers also believed Appellant did not have the normal use of his mental or physical
faculties. Appellant was upset, angry, and agitated.
            El Paso Police Officer Lom met Appellant at the port of entry to investigate the
possibility that Appellant had been driving while intoxicated. Police Officer Acosta had earlier
administered a standard field-sobriety test on Appellant. He advised Officer Lom that Appellant
had lost the normal use of his mental and physical faculties. When Appellant refused to provide
a breath sample at Officer Lom’s request, he was read his Miranda rights and placed under arrest.
            On June 6, 2007, Appellant was charged with the offense of driving while intoxicated. 
The jury found Appellant guilty at the conclusion of trial. The court assessed a punishment of
180 days in jail, which was probated for 15 months. On May 23, 2008, Appellant filed a notice
of appeal challenging his conviction. Appellant raises two issues on appeal and contends the trial
court erred in entering his conviction because the evidence was both legally and factually
insufficient.
            In a legal sufficiency review, we must consider all of the evidence in a light most
favorable to the verdict, and determine whether a reasonable minded juror could have found the
essential elements were proven beyond a reasonable doubt. Hooper v. State, 214 S.W.3d 9, 13
(Tex.Crim.App. 2007). We must give deference to “the responsibility of the trier of fact to fairly
resolve all conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences
from basic facts to ultimate facts.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560 (1979). As the fact finder, the jury has the right to accept or reject all or any part
of the evidence presented by either side. Margraves v. State, 34 S.W.3d 912, 919
(Tex.Crim.App. 2000). The reviewing court may not reevaluate the weight and credibility of the
evidence, nor may we substitute our own judgment for that of the fact finder. King v. State, 29
S.W.3d 556, 562 (Tex.Crim.App. 2000). Any inconsistencies in the evidence are resolved in
favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).
            In reviewing the factual sufficiency of the evidence to support a conviction, we view all
evidence neutrally to determine whether the fact finder was rationally justified in finding guilt
beyond a reasonable doubt. See Whipple v. State, 281 S.W.3d 482, 495 (Tex.App.--El Paso
2008, pet. ref’d). A court finds evidence to be factually insufficient in two ways: (1) the
evidence supporting the verdict or judgment, considered by itself, is too weak to support the
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and
contradicting the verdict or judgment, weighing all evidence, the contrary evidence is so strong
that the prosecution cannot prove defendant’s guilt beyond a reasonable doubt. See Roberts v.
State, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Our review should not substantially intrude
upon the fact finder’s role as the sole judge of the weight and credibility given to witness
testimony. See Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Marshall v. State, 210
S.W.3d 618, 625 (Tex.Crim.App. 2006). We may only reverse a judgment for factual
insufficiency if it is necessary to do so to “prevent manifest injustice.” See Laster v. State, 275
S.W.3d 512, 518 (Tex.Crim.App. 2009).
            The Texas Court of Criminal Appeals has held that an eyewitness’s testimony alone is
sufficient to support a jury’s verdict. See Aguilar v. State, 468 S.W.2d 75, 77 (Tex.Crim.App.
1971). A jury is free to believe all or any part of the testimony of the State’s witnesses and
disbelieve all or any part of the appellant’s witnesses. See Johnson v. State, 176 S.W.3d 74, 78
(Tex.App.--Houston [1st Dist.] 2004, pet. ref’d). An appellate court must defer to a jury finding. 
See Cain v. State, 958 S.W.2d 404, 409 (Tex.Crim.App. 1997).
            In Issue One, Appellant contends the evidence was legally insufficient to support his
conviction. In Issue Two, Appellant contends the evidence was factually insufficient to support
his conviction. He makes both of these challenges on the basis that there was no evidence to
show that he operated a motor vehicle in a public place in El Paso County, and so the State failed
to prove proper venue and jurisdiction.
            A person commits an offense of driving while intoxicated if he is intoxicated while
operating a motor vehicle in a public place. Tex.Penal Code Ann. § 49.04(a)(Vernon 2003). 
Such an offense is a Class B misdemeanor, with a minimum confinement term of 72 hours. Id. at
§ 49.04(b). However, if the person operating the motor vehicle had an open container of alcohol
in his immediate possession at the time of the offense, the offense is a Class B misdemeanor,
with a minimum term of confinement of six days. Id. at § 49.04(c).
            The Penal Code defines a “public place” as “any place to which the public or a substantial
group of the public has access and includes, but is not limited to, streets, highways, and the
common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and
shops.” Tex.Penal Code Ann. § 1.07(a)(40)(Vernon Supp. 2009).
            Mr. Hemmitt, a State’s witness, specifically testified that Appellant drove a vehicle on a
public roadway in El Paso County, Texas. He also identified Appellant in court as the individual
he saw driving the vehicle on the public roadway in El Paso County, Texas. According to Mr.
Hemmitt, when he pointed Appellant out to a customs officer at the primary inspection booth,
Appellant had switched positions with a lady who had been in the front passenger seat.
            Darlene Martinez, the defense’s only witness, testified that she was in the vehicle with
Appellant on the day in question. She testified that she heard a Mexican security guard whistle
when they were still on the Mexican side of the bridge, so she and Appellant switched places. 
She stated that she drove the vehicle over the top of the bridge and crossed the American border. 
According to Martinez, she saw a Mexican security guard motion and talk to an American
security guard, who then trailed their vehicle.
            Mr. Hemmitt’s eyewitness testimony alone was sufficient to support Appellant’s
conviction. See Aguilar, 468 S.W.2d at 77. We must defer to the jury’s judgment as to the
credibility given to eyewitness testimonies. See Johnson, 176 S.W.3d at 78; Cain, 958 S.W.2d at
409. In the instant case, the jury found more credibility in the testimony presented by the State. 
See Johnson, 176 S.W.3d at 78; Cain, 958 S.W.2d at 409.
            Viewing the record in the light most favorable to the verdict, a reasonable minded juror
could have found beyond a reasonable doubt that Appellant operated a motor vehicle in a public
place in El Paso County, Texas. As such, the evidence was legally sufficient to support
Appellant’s conviction. Accordingly, we overrule Issue One.
            Viewing the evidence neutrally, we determine the jury was rationally justified in finding
Appellant operated a motor vehicle in a public place in El Paso County, Texas. The evidence
was not so weak as to render the jury’s verdict clearly wrong and unjust, and the contrary
evidence was not so strong that the prosecution cannot prove Appellant’s guilt beyond a
reasonable doubt. As such, the evidence was factually sufficient to support Appellant’s
conviction. Accordingly, we overrule Issue Two.
            Having overruled all of Appellant’s issues, we affirm the judgment of the trial court.

April 21, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)