COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| REUBEN GALVAN, | § | No. 08-08-00191-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 4 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC#20070C07147) |
| | § | |

**O P I N I O N**

Reuben Galvan appeals his conviction for driving while intoxicated. A jury found Appellant guilty of the charged offense, and the trial court sentenced him to 180 days in jail, which was probated for 15 months. On appeal, Appellant challenges the factual and legal sufficiency of the evidence supporting his conviction. We affirm.

On June 3, 2007, Keith Hemmitt ("Mr. Hemmitt"), a security guard on the Santa Fe Port of Entry Bridge, saw an SUV "coming up the bridge at a high rate of speed" from Mexico and crossing over to the U.S. side of the bridge. The vehicle was going faster than other traffic and weaving in and out of traffic. Because Appellant was speeding, the security guard tried to flag him down with a flashlight. Appellant yelled obscenities at Mr. Hemmitt and others as he drove up to the waiting line. Mr. Hemmitt walked to the primary customs booth, which served the traffic lane through which Appellant's SUV would pass through and reported Appellant's combatant behavior to Customs and Border Protection Officer Guerrero. He also waited for Appellant to drive up to the booth in order to identify him to the customs officer.

In the course of the primary inspection, Officer Guerrero detected the smell of alcohol and ordered Appellant's vehicle to secondary inspection. At the secondary inspection area, other customs officers also detected an odor of alcohol coming from the vehicle and Appellant himself. These officers also believed Appellant did not have the normal use of his mental or physical faculties. Appellant was upset, angry, and agitated.

El Paso Police Officer Lom met Appellant at the port of entry to investigate the possibility that Appellant had been driving while intoxicated. Police Officer Acosta had earlier administered a standard field-sobriety test on Appellant. He advised Officer Lom that Appellant had lost the normal use of his mental and physical faculties. When Appellant refused to provide a breath sample at Officer Lom's request, he was read his Miranda rights and placed under arrest.

On June 6, 2007, Appellant was charged with the offense of driving while intoxicated. The jury found Appellant guilty at the conclusion of trial. The court assessed a punishment of 180 days in jail, which was probated for 15 months. On May 23, 2008, Appellant filed a notice of appeal challenging his conviction. Appellant raises two issues on appeal and contends the trial court erred in entering his conviction because the evidence was both legally and factually insufficient.

In a legal sufficiency review, we must consider all of the evidence in a light most favorable to the verdict, and determine whether a reasonable minded juror could have found the essential elements were proven beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must give deference to "the responsibility of the trier of fact to fairly resolve all conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,

61 L.Ed.2d 560 (1979). As the fact finder, the jury has the right to accept or reject all or any part of the evidence presented by either side. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). The reviewing court may not reevaluate the weight and credibility of the evidence, nor may we substitute our own judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we view all evidence neutrally to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *See Whipple v. State*, 281 S.W.3d 482, 495 (Tex.App.--El Paso 2008, pet. ref'd). A court finds evidence to be factually insufficient in two ways: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all evidence, the contrary evidence is so strong that the prosecution cannot prove defendant's guilt beyond a reasonable doubt. *See Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Our review should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). We may only reverse a judgment for factual insufficiency if it is necessary to do so to "prevent manifest injustice." *See Laster v. State*, 275 S.W.3d 512, 518 (Tex.Crim.App. 2009).

The Texas Court of Criminal Appeals has held that an eyewitness's testimony alone is sufficient to support a jury's verdict. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex.Crim.App.

1971).  A jury is free to believe all or any part of the testimony of the State's witnesses and disbelieve all or any part of the appellant's witnesses.  *See Johnson v. State*, 176 S.W.3d 74, 78 (Tex.App.--Houston [1st Dist.] 2004, pet. ref'd).  An appellate court must defer to a jury finding.  *See Cain v. State*, 958 S.W.2d 404, 409 (Tex.Crim.App. 1997).

In Issue One, Appellant contends the evidence was legally insufficient to support his conviction.  In Issue Two, Appellant contends the evidence was factually insufficient to support his conviction.  He makes both of these challenges on the basis that there was no evidence to show that he operated a motor vehicle in a public place in El Paso County, and so the State failed to prove proper venue and jurisdiction.

A person commits an offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place.  TEX.PENAL CODE ANN. § 49.04(a)(Vernon 2003).  Such an offense is a Class B misdemeanor, with a minimum confinement term of 72 hours.  *Id*. at § 49.04(b).  However, if the person operating the motor vehicle had an open container of alcohol in his immediate possession at the time of the offense, the offense is a Class B misdemeanor, with a minimum term of confinement of six days.  *Id*. at § 49.04(c).

The Penal Code defines a "public place" as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops."  TEX.PENAL CODE ANN. § 1.07(a)(40)(Vernon Supp. 2009).

Mr. Hemmitt, a State's witness, specifically testified that Appellant drove a vehicle on a public roadway in El Paso County, Texas.  He also identified Appellant in court as the individual he saw driving the vehicle on the public roadway in El Paso County, Texas.  According to Mr.

-4-

Hemmitt, when he pointed Appellant out to a customs officer at the primary inspection booth, Appellant had switched positions with a lady who had been in the front passenger seat.

Darlene Martinez, the defense's only witness, testified that she was in the vehicle with Appellant on the day in question. She testified that she heard a Mexican security guard whistle when they were still on the Mexican side of the bridge, so she and Appellant switched places. She stated that she drove the vehicle over the top of the bridge and crossed the American border. According to Martinez, she saw a Mexican security guard motion and talk to an American security guard, who then trailed their vehicle.

Mr. Hemmitt's eyewitness testimony alone was sufficient to support Appellant's conviction. *See Aguilar*, 468 S.W.2d at 77. We must defer to the jury's judgment as to the credibility given to eyewitness testimonies. *See Johnson*, 176 S.W.3d at 78; *Cain*, 958 S.W.2d at 409. In the instant case, the jury found more credibility in the testimony presented by the State. *See Johnson*, 176 S.W.3d at 78; *Cain*, 958 S.W.2d at 409.

Viewing the record in the light most favorable to the verdict, a reasonable minded juror could have found beyond a reasonable doubt that Appellant operated a motor vehicle in a public place in El Paso County, Texas. As such, the evidence was legally sufficient to support Appellant's conviction. Accordingly, we overrule Issue One.

Viewing the evidence neutrally, we determine the jury was rationally justified in finding Appellant operated a motor vehicle in a public place in El Paso County, Texas. The evidence was not so weak as to render the jury's verdict clearly wrong and unjust, and the contrary evidence was not so strong that the prosecution cannot prove Appellant's guilt beyond a reasonable doubt. As such, the evidence was factually sufficient to support Appellant's

conviction. Accordingly, we overrule Issue Two.

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.


April 21, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)