**Opinion issued August 28, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00450-CR

———————————

**TYRONE LEE BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1353410**

## MEMORANDUM OPINION

A jury found Tyrone Lee Brown guilty of aggravated robbery of a person sixty-five years of age or older.[1]   After finding true the allegations in two

---

[1]    *See* TEX. PENAL CODE ANN. §§ 29.02(a)(1), 29.03 (a)(3)(A) (West 2011).

enhancement paragraphs that appellant had two prior felony convictions, the jury assessed his punishment at thirty-seven years' confinement. In his sole point of error, appellant contends that the evidence is legally insufficient to prove the identity of the complainant's assailant and that appellant struck the complainant as alleged in the indictment. We affirm.

## Background

On the evening of June 26, 2012, seventy-three year old Catherine McDaniel, the complainant, left her apartment at the Pleasant Hill Retirement Center to catch the bus to the Fiesta store. As she walked to the bus stop in front of the retirement center, a man whom she had previously seen at the retirement center began walking with her. When he offered to go to the store and buy a beer for her, she told him that she needed to keep the $10 to get some food for her cats. Because it was already late at night and the bus was going to arrive too late, McDaniel decided to return home. As she got up from the bench, the man said, "You all right," punched her in the face, and snatched her purse. McDaniel fell to the ground, hitting her hip on the bench, and was unable to get up. She called for help from a man and woman nearby and the man helped her back to her apartment.

At 11:15 p.m., Houston Police Department Officer Charanda Ferdinand was dispatched to the retirement center to investigate the incident. Ms. McDaniel was

2

"very upset" when the Officer arrived and had a very large knot on her hip. Ferdinand testified that McDaniel knew her assailant "by face" although she did not know his name and described him as being between 5'8" and 6' tall, approximately 170 to 180 pounds, bald, with a dark complexion, and wearing a white shirt and dark colored pants. McDaniel also knew the man's mother, Kim Able, who lived in apartment 408. Ferdinand testified that McDaniel was "very certain" about who had injured her. Officer Ferdinand then went to Able's apartment and learned that her son's name was Tyrone Brown.

HPD Sergeant Troy Triplett, who conducted the follow-up investigation, testified that the information McDaniel provided to him was consistent with the information in Ferdinand's report. He further testified that because McDaniel knew her assailant, had seen him around the retirement center several times, and knew his mother and where she lived, he did not create a photo array for the case.

Loniesta Gooden, another retirement center resident, testified that appellant sometimes visited his mother at the center and, on one occasion, had stayed with her for a few weeks. Gooden saw him frequently at the center and, in fact, saw him on the property the day of the robbery. While in the lobby that evening, she heard some residents yelling because they thought that McDaniel had fallen. She testified that "we noticed that someone was standing on the corner and Ms. McDaniel was hollering that that was him, white shirt and blue jeans. And that

3

was Kim's son." Gooden testified that McDaniel was certain about the identity of the person who had attacked her, stating "You can ask her one time, you can ask her a thousand times, and it will be the same thing. She says it was him, Tyrone."

**Discussion**

In his sole point of error, appellant contends that the evidence is legally insufficient to support his conviction. Specifically, he argues that the State failed to prove the identity of McDaniel's assailant and that it was appellant who struck McDaniel as alleged in the indictment because McDaniel's testimony is inconsistent, contradicted by the testimony of other witnesses, and inconclusive, thereby rendering it unreliable as a matter of law.

**A. Standard of Review and Applicable Law**

We review evidentiary sufficiency challenges under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (referring to *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and

4

our role on appeal is simply to ensure that the evidence reasonably supports the jury's verdict. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

A person commits the offense of robbery if "in the course of committing theft" and "with intent to obtain or maintain control of the property," the person "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011). Aggravated robbery occurs when "bodily injury" is caused to a person "65 years of age or older." *Id.* § 29.03(a)(3)(A).

## B. Analysis

Appellant contends that the State did not prove that he committed aggravated robbery because it failed to prove the identity of McDaniel's assailant. In support of his assertion, appellant relies on portions of the record showing that (1) McDaniel had poor vision and could not unequivocally identify appellant in court as her assailant, (2) it was dark on the night of the robbery and McDaniel testified that she did not pay attention to her assailant, and (3) McDaniel testified that she could not describe her assailant until she was shown a photo of appellant.

With regard to McDaniel's eyesight and her identification of appellant at trial, appellant relies on the following excerpt from the prosecutor's examination of McDaniel:

> Q: Okay. Now, the person who hit you and took your purse, do you
> see them in the courtroom today?

5

A: It looks like him right there, in the white shirt (indicating).

Q: Okay. You said in the white shirt?

A: That shirt looks white to me. This one right here. I can't hardly see.

Q: Do you need your glasses, ma'am?

A: They ain't going to help me none—that much, but I think this is the guy right here (indicating).

Appellant also points to McDaniel's testimony that it was dark on the evening she was robbed, she was not paying attention to her assailant, and that she could not identify her assailant until Able showed her a photograph of her son.

McDaniel reiterated that she had previously seen the man who attacked her and had even ridden the elevator with him at the retirement center a couple of times. Officer Ferdinand testified about McDaniel's certainty as to who had attacked her ("very certain"), that she knew her assailant "by face," although not by name. The description of the assailant that McDaniel provided to Officer Ferdinand was between 5'8" and 6' tall, approximately 170 to 180 pounds, bald, with a dark complexion, wearing a white shirt and dark pants.

The determination of what weight to give testimonial evidence is within the sole province of the jury, as it turns on an evaluation of credibility and demeanor. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997); *Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The jury is

free to believe or disbelieve all or any part of the witnesses' testimony. *Cain*, 958 S.W.2d at 408–09. We must show deference to such a jury finding. *Id.* at 409.

Appellant also contends that the State did not prove that he committed aggravated robbery because it failed to prove that he struck McDaniel with his hand as alleged in the indictment. In support of his argument, appellant relies on Officer Ferdinand's testimony that she was unaware of any injury to McDaniel's face, that McDaniel did not direct her to any facial injury, and to Gooden's testimony that McDaniel had said a boy pushed her down and took her purse. Further, appellant points to the lack of documentary evidence (e.g., a report by paramedics or police) showing that McDaniel was struck in the face. Appellant concludes, "there is no reliable evidence that McDaniel was struck in any manner."

However, McDaniel testified as to facts surrounding her assault and robbery. The testimony of a single witness, standing alone, can be sufficient evidence to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Davis*, 177 S.W.3d at 359 ("It is well established that a conviction may be based on the testimony of a single eyewitness."). The jury alone decides whether to believe eyewitness testimony and resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Officer Ferdinand's testimony that she was unaware of any injury to McDaniel's face and that McDaniel never mentioned a facial injury to her, as well as Gooden's

testimony that McDaniel told her that a boy had pushed her down, are not irreconcilable with McDaniel's testimony that she was struck in the face, particularly in light of the testimony that McDaniel was on the ground immediately following the incident, had a large knot on her hip, and immediately accused her assailant.

Viewing the evidence in the light most favorable to the verdict, as we must, we conclude that a rational jury could have found that the State proved that appellant was McDaniel's assailant and that he struck McDaniel with his hand. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Accordingly, we hold that the evidence is legally sufficient to support the jury's verdict. *See id*. We overrule appellant's point of error.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish.   Tᴇx. R. Aᴘᴘ. P. 47.2(b).