Affirmed and Memorandum Opinion filed December 30, 2008








Affirmed and Memorandum Opinion filed December 30, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00025-CR

____________

 

BERNARD MARIO CLARK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 44740-A

 



 

M E M O R A N D U M   O P I N I O N








A jury found appellant, Bernard Mario Clark, guilty of
aggravated assault with a deadly weapon.  See Tex. Penal Code Ann. ' 22.02(a)(2)
(Vernon 2003).  Enhanced by two prior felony convictions, a jury assessed
punishment at forty-five years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.  In four issues, appellant argues
(1) the evidence is legally insufficient to support his conviction, (2) the
evidence is factually insufficient to support his conviction, (3) the trial
court erred when it denied his special requested jury charge, and (4) the State
improperly withheld exculpatory evidence by not turning over tapes of all
appellant=s phone calls made while in the Fort Bend County
Jail.  We affirm.

Facts and Procedural History

On June 27, 2006, appellant and his wife, Era Koontz, began
arguing.  The argument escalated and appellant violently grabbed the necklaces
off Ms. Koontz=s neck, causing pain and bleeding.  Appellant
subsequently pulled a firearm from his pants and pointed it at Ms. Koontz=s head in a
threatening manner.  With this, appellant told Ms. Koontz he had killed his
cousin and asked her what she thought he thought about her.  Ms. Koontz,
frightened, ran to her car and used the OnStar device to contact the police. 
When the police arrived on the scene, they did an initial investigation, but
were unable to locate the firearm.  Some time later, after monitoring appellant=s phone
conversation, Investigator Rachel Santana Brooks with the Fort Bend County
Sheriff=s Office,
contacted Ms. Koontz and asked her to search the basket near her washing
machine, and Ms. Koontz located the firearm used in the offense.  Thereafter,
Investigator Brooks recovered the firearm from Ms. Koontz=s residence.








During trial, Investigator Brooks testified she monitored
appellant=s phone calls made in the Fort Bend County Jail for a
period of time.  Appellant made a number of calls to his ex-wife, Davina
Wilson.  In one of the calls, he told Ms. Wilson, AI need something
out of there@ and told her to Alook in the basket
by the washing machine.@  In a subsequent call to Ms. Wilson,
appellant stated, AI=m just saying as
long as they ain=t gotten it, they can=t charge me with
it.  That=s what I=m trying to tell
you.@  In a third call
to Ms. Wilson, appellant said, Ayou know what baby, I=m going to be real
with you.  I=m glad I did what I did, but at the same time I=m kind of mad at
myself for putting my hands on the bitch.@  Furthermore,
appellant made a phone call to his neighbor across the street, Serrod Robinson,
stating, AI need you to get that thing, man... [are you] going
to take care of that.@  Finally, appellant phoned a person named
AKeekie@ and said, AI ain=t doing no trip, I
ain=t.  I kind of hate
B I should have
went on and did that whore like I wanted to do and blown her mother f******
brains out is what I should do.  Bitch asked for real, playing games with my
freedom like this here.@

Appellant was charged with two counts of aggravated
assault.  Count I of the indictment includes threatening bodily injury to Ms.
Koontz by grabbing her or by pulling a necklace off her neck and then
exhibiting a firearm; Count II of the indictment includes threatening Ms. Koontz
with imminent bodily injury and using and exhibiting a firearm.  Enhanced with
two prior felony convictions, the jury found appellant guilty of aggravated
assault with a deadly weapon and assessed punishment at forty-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.

Discussion

A.      Is the
evidence legally and factually sufficient?

In his first two issues, appellant argues the evidence is
legally and factually insufficient to support his conviction.

1.       Standard
of Review

In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979); Salinas v. State, 163 S.W.3d 734, 737 (Tex.
Crim. App. 2005).  The jury, as the sole judge of the credibility of the
witnesses, is free to believe or disbelieve all or part of a witness= testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).








In a factual sufficiency review, we consider all the
evidence in a neutral light.  Prible v. State, 175 S.W.3d 724, 730-31
(Tex. Crim. App. 2005).  The evidence may be factually insufficient in two
ways.  Id. at 731.  First, when considered by itself, evidence
supporting the verdict may be so weak the verdict is clearly wrong and manifestly
unjust.  Id.  Second, where the evidence both supports and contradicts
the verdict, the contrary evidence may be strong enough the
beyond-a-reasonable-doubt standard could not have been met.  Id.  In
conducting a factual sufficiency review, we must employ appropriate deference
so we do not substitute our judgment for that of the fact finder.  Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Our analysis must
consider the evidence appellant claims is most important in allegedly
undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App.  2003).

2.       Analysis

A person commits aggravated assault if he commits assault
and (1) causes serious bodily injury to another or (2) uses or exhibits a
deadly weapon during the commission of the assault.  Tex. Penal Code Ann. ' 22.02(a); Ferrel
v. State, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001).  ASerious bodily
injury@ is Abodily injury that
creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss of impairment of the function of any bodily
member or organ.@  Tex. Penal Code Ann. ' 1.07(a)(46)
(Vernon 2003); Ferrel, 55 S.W.3d at 590.  A deadly weapon is A(A) a firearm or
anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury; or (B) anything that in the manner of its use
or intended use is capable of causing death or serious bodily injury.@  Id. ' 1.07(a)(17).








Appellant urges the evidence is legally insufficient to
support his conviction because of the lack of evidence and the lack of
corroboration of evidence.  He contends the evidence is factually insufficient
because the complaining witness=s testimony was contradictory.  First, we
disagree with appellant that the State failed to present any evidence to
support his conviction.  Ms. Koontz testified that, during an argument,
appellant pulled off her necklaces, causing her pain and bleeding.  She also
testified appellant threatened her with a firearm.  Further, Ms. Wilson
testified appellant asked her over the phone to obtain the firearm from the
residence.  Additionally, Investigator Brooks testified appellant made
incriminating statements about the offense.

Appellant is also incorrect in asserting corroborating
evidence is necessary to uphold the verdict.  See Aguilar v. State, 468
S.W.2d 75, 77 (Tex. Crim. App. 1971) (holding a conviction may be supported by
the testimony of only one witness).  Additionally, if any of the testimony were
contradictory, it is the responsibility of the jury to resolve any conflicts. See
Jones, 984 S.W.2d at 258 (holding a jury may believe or disbelieve all or
part of any witness= testimony and decide the weight and
credibility to attribute to the witness= testimony). 
Here, after hearing the evidence, the jury is entitled to believe appellant
assaulted Ms. Koontz with a firearm.  See Wyatt v. State, 23 S.W.3d 18,
30 (Tex. Crim. App. 2000) (holding the jury is the sole judge of the facts, the
credibility of the witnesses, and the weight to be given to the evidence).

Viewing the evidence in the light most favorable to the
verdict, we hold the evidence is legally sufficient to support appellant=s conviction for
aggravated assault with a deadly weapon because any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  See Salinas, 163 S.W.3d at 737.  Viewing the evidence in a
neutral light, we hold the evidence supporting the verdict is neither so weak
the verdict is clearly wrong and manifestly unjust, nor is the contrary
evidence so strong the beyond-a-reasonable-doubt standard could not have been
met.  See Prible, 175 S.W.3d at 730-31.  Thus, the evidence is factually
sufficient to support appellant=s conviction.  We overrule appellant=s first two
issues.

 








B.      Did the
trial court err when it denied appellant=s special
requested jury charge?

In his third issue, appellant argues the trial court erred
when it denied his special requested jury charge.  During trial, the following
exchange took place:

[DEFENSE COUNSEL]:         On
behalf of the defense Judge, I have no objection to the way that the application
paragraphs of the law are.  With regards to the verdict pages, I think the
verdict pages, on page one of the verdict page it should read, we, the jury,
find the defendant guilty of aggravated assault as charged in Count I.  And the
first line should be eliminated.  

     The same, likewise on the second page.  It should read, we the
jury, find the defendant guilty of aggravated assault as charged in Count II of
the indictment.

     On the special issues, I have no problem, with regards to the verdict
on, we, the jury, find the defendant not guilty of the lesser included offense
of assault, and leave the bottom line that, we, the jury, find the defendant
not guilty of the lesser included offense of deadly conduct.  And leave the
bottom line.  Okay.

     And I think that there should be a page that says, we, the jury,
find Bernard Mario Clark not guilty.  And that=s my objection to the charge as presented.

[PROSECUTION]:            Judge, we
disagree.  We feel the jury should be given the opportunity to place an
independent verdict on each of the allegations in the charge, either in the
count or in the lesser included.

[THE COURT]:                 Objection
is overruled.

 








The Court of Criminal Appeals has prescribed a two-step
test for jury charge errors.  See Arline v. State, 721 S.W.2d 348, 351
(Tex. Crim. App. 1986).  An appellate court must first determine whether there
is error in the charge.  Id.  Second, the appellate court must determine
whether sufficient harm was caused by the error to require reversal of the
conviction.  Id.  The degree of harm that must be present to require
reversal of a case depends upon whether the error was preserved or unpreserved.
Id.  Concerning error that was preserved at trial by a timely and
specific objection, that error must have been calculated to injure the rights
of the defendant.  Id.  In other words, a defendant must have suffered
some actual, rather than theoretical, harm from the error.  Id.

Appellant, in his brief, does not allege what language is
harmful within the charge.  Nor does appellant give a legal basis for his
objection or cite any authority for his contentions. Based on the record, we
will construe appellant=s requested jury instruction as an effort
to require a separate verdict form for each count of the indictment and a
separate form for Anot guilty.@  








Here, appellant=s argument fails
on the first prong.  The State  argues and we agree there is no error in the
charge.  Certain requirements exist in a criminal jury charge.  First, a trial
court must charge the jury on the Alaw applicable to
the case.@ Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).  
Such duty requires the trial court to instruct the jury on each element of the
offense charged.  Murphy v. State, 44 S.W.3d 656, 661 (Tex. App.CAustin 2001, no
pet.)  Also, the trial court must provide the jury with each statutory
definition that affects the meaning of an element of the offense.  Id. 
Here, the jury charge meets these requirements.  Other than the mandatory
requirements, the trial court possesses a degree of discretion with respect to
the contents of the jury charge.  See Cane v. State, 698 S.W.2d 138, 140
(Tex. Crim. App. 1985).  And we find no authority requiring the charge to
include a separate verdict form for each count of the indictment and a separate
form for Anot guilty.@  Further, as the
State points out, the forms submitted to the jury are clear, concise, and offer
the appropriate options for the jury to consider, specifically giving the jury
the option of finding appellant guilty or not guilty of each count of the
indictment.[1] 
After reviewing the record, we find no error.  Thus, we need not address harm. 
Accordingly, we overrule appellant=s third issue.

C.      Did the
State improperly withhold exculpatory evidence by not turning over tapes of all
appellant=s phone calls made while in the
Fort Bend County Jail?

In his fourth issue, appellant contends the State
improperly withheld exculpatory evidence by not turning over tapes of all of
the phone calls appellant made while in the Fort Bend County Jail.  Citing Brady
v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), appellant
argues the State=s failure to disclose the tapes violated
his right to due process.[2] 
In Brady v. Maryland, the Supreme Court held the suppression by the
prosecution of evidence favorable to an accused violates due process,
irrespective of the good faith or bad faith of the prosecution.  Id. at
87, 83 S.Ct. at 1196-97.  To demonstrate reversible error for violation of Brady
rights, a defendant must show (1) the State failed to disclose evidence,
regardless of the prosecutor=s good faith or bad faith, (2) the
withheld evidence is favorable to the defendant, and (3) the withheld evidence
is material, that is, there is a reasonable probability that had the evidence
been disclosed, the outcome of the trial would have been different.  Strickler
v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286
(1999); Harm v. State, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006).








In this case, appellant has failed to satisfy the third
prong of the Brady test.  The mere possibility that an item of
undisclosed information might have helped the defense, or might have affected
the outcome of the trial, does not establish materiality in the constitutional
sense.  Hampton v. State, 86 S.W.3d 603, 612-13 (Tex. Crim. App. 2002). 
To establish materiality under the third prong of Brady, appellant bears
the burden of showing that, in light of all the evidence, it is reasonably
probable that the outcome of the trial would have been different had the
prosecutor made a timely disclosure.  Id.  Based on our review of
Investigator Brooks= testimony at trial[3],
we hold appellant has failed to meet his burden under the third prong of Brady. 
Thus, we overrule appellant=s fourth issue.

Conclusion

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 









[1]  The jury charge submitted Count I of the indictment,
aggravated assault; Count II of the indictment, aggravated assault; the
lesser-included offense for Count II, assault; the lesser-included offense for
Count II, deadly conduct; and Anot guilty.@





[2]  Appellant did not point us to any specific
exculpatory evidence that would allegedly have been found on the tapes.





[3]  Investigator Brooks testified she never heard any
exculpatory evidence during any of the phone calls.