

# NUMBER 13-10-00560-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHNNY DAVIS,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the 94th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

A jury found appellant Johnny Davis guilty of forgery, a state jail felony, *see* TEX.

PENAL CODE ANN. § 32.21(d) (West Supp. 2010), and imposed punishment of two years'

confinement in the Texas Department of Criminal Justice–State Jail Division and a

$897.42 fine. *See id.* § 12.35 (West 2003). By a single issue, Davis contends the evidence is insufficient to support the jury's verdict. We affirm the trial court's judgment.

## I. BACKGROUND

On June 2, 2009, a fraudulent check in the amount of $897 from Chase Bank was used to purchase a pallet of tile from Surplus Warehouse. The check was signed "Thomas Penney." However, Thomas Penney testified at trial that he did not sign the check or authorize anyone else to sign it. The sale of the tile at Surplus Warehouse was completed by a sales associate, Angel Villa. At the time of the purchase, the check was approved by Surplus Warehouse. Around a month later, it was flagged as fraudulent by Surplus Warehouse. The detective assigned to the case was Oscar Zepeda.

### A. Thomas Penney

Thomas H. Penney testified that he did not know Davis. When asked if he could identify Davis in court, Penney commented that he had never seen Davis before. After reviewing the fraudulent check, Penney testified that his name and address properly appeared on the check. However, he did not have an account with Chase Bank and did not sign the check; someone forged it. He became aware that his identity had been stolen after several businesses contacted him about counterfeit checks that were passed on June 1 and June 2, 2009.

Penney testified that he had never had his check book, driver's license, or credit cards stolen before. He had never done business with Surplus Warehouse in the past. He stated that he had no idea who passed the counterfeit checks.

### B. Oscar Zepeda

2

Zepeda testified that he gathered information suggesting that Davis might be involved in the counterfeit check passed at Surplus Warehouse. He learned from the police report filed by Surplus Warehouse that the clerk who received the counterfeit check was Villa. An investigation uncovered four individuals possibly connected to the counterfeit check. These suspects were organized into four different randomized photo line ups by Detective Zepeda. The photo lineup was shown to Villa three months after the check was written; Villa was able to positively identify Davis as the person who had given him the counterfeit check.

### C. Angel Villa

Villa testified that he recalled the approximate time of day that the transaction took place. Villa said that at the time the check was tendered, it was processed through a "check reader" and was approved. A month after the transaction, the manager of Surplus Warehouse alerted Villa that the check was counterfeit. When approached by Detective Zepeda, Villa made a positive photo identification of Davis. Villa also identified Davis in court. At the time of the purchase, Villa inspected a driver's license from Davis which matched the identity on the counterfeit check. Villa testified that he was certain that Davis passed the check for the purchase of the tile.

## II. SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review

Davis contends the evidence is legally and factually insufficient to support his conviction. We disagree.

The court of criminal appeals has recently held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual sufficiency standard" and that the *Jackson* standard "is the only standard that a

3

reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v State*, 323 S.W.3d 893, 902-03, 913 (Tex. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Accordingly, we review claims of evidentiary sufficiency under "a rigorous and proper application of the *Jackson* standard of review." *Id.* at 906-07, 912.

Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 307; *see Brooks,* 323 S.W.3d at 898-99 (characterizing the *Jackson* standard as: "Considering all of evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt").

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.–Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240). The State was required to prove beyond a reasonable doubt that Davis (1) with intent to defraud or harm another, (2) passed (3) a writing (4) that purported to be the act of another

[Penney] (5) who did not authorize the act. TEX. PENAL CODE ANN. § 32.21(a), (b); *see Williams v. State,* 688 S.W.2d 486, 488 (Tex. Crim. App. 1985).

### B. Discussion

Davis's challenge to the sufficiency of the evidence is limited to the issue of identity. Specifically, Davis contends that, "the state failed to elicit sufficient evidence proving that defendant was the person who passed the forged check." Davis points to the fact that Villa's identification of him came three months after the check was passed and to the absence of any other witnesses linking Davis to the check. We disagree.

The statute does not require a gallery of accusers; rather, one witness who can link the accused to the crime is sufficient. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) (holding that the testimony of one eyewitness alone is sufficient to support jury's verdict); *Leadon v. State*, 332 S.W.3d 600, 607 (Tex. App.–Houston [1st Dist.] 2010, no pet.) (same); *Pitte v. State*, 102 S.W.3d 786, 794 (Tex. App.–Texarkana 2003) (same). Here, Villa's testimony identified Davis as the individual who presented the fraudulent check. Although Villa's identification of Davis came three months after the purchase, he positively identified Davis when presented with a photo lineup. Villa also recalled the time of day when the incident took place, which permits a reasonable inference that his memory of the events was accurate. Moreover, there was no controverting evidence presented that cast doubt on Villa's testimony. Thus, Villa's lone testimony was sufficient to support the verdict. *See Aguilar*, 468 S.W.2d at 77.

Examining the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could find Davis guilty of felony forgery beyond a reasonable doubt. *See Brooks,* 323 S.W.3d at 898-99. The evidence was therefore legally sufficient. We overrule Davis's issue.

5

## III.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
30th day of June, 2011.