

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00335-CR

ANTHONY GORDON MOMENTOFF                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Anthony Gordon Momentoff appeals his convictions for interference with public duties and obstructing a highway or other passageway. Tex. Penal Code Ann. §§ 38.15, 42.03 (West 2011).  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

On October 15, 2011, Occupy Wall Street protestors were encamped in a park in downtown Fort Worth. Between 5:30 and 6:00 p.m., Fort Worth Police Sergeant Darren Young and six other officers observed a large group standing on the sidewalk near five tents. Sergeant Young notified a representative of the group that the tents violated a city ordinance and would need to be removed from the sidewalk. Knowing that the protestors planned to march through downtown in the next hour, however, Sergeant Young allowed the tents to remain until the protestors returned from the march. The officers assisted the protestors by controlling traffic during the march.

Between 7:00 and 8:00 p.m., the protestors and officers returned to the tents and Sergeant Young then ordered the representative to remove the tents. Several of the protestors approached and argued as to why they did not need to remove the tents. They also stated they would need to vote to determine whether they would take the tents down. The officers allowed the protestors more time to remove the tents and left the scene.

When the officers returned approximately an hour later, they noticed the same five tents were still located on the sidewalk, leaving roughly ten to twelve feet of unencumbered walking space. Sergeant Young noted that some of the tents displayed protest signs and that several of the protestors were holding protest signs while walking around and chanting. He again announced to the

group that they would have to remove their tents from the sidewalk. Instead, the protestors began to enter the tents.

The officers began identifying the tents' owners. Eventually, the officers approached Appellant, who owned and occupied the largest of the five tents on the sidewalk. According to Sergeant Young, Appellant's tent blocked and obstructed the path, causing it to be unreasonably inconvenient for an individual to walk in that location. Sergeant Young notified Appellant that his tent violated a city ordinance and that he needed to remove it. Sergeant Young further advised Appellant that he would need to evacuate the tent so Sergeant Young could perform his duty and remove it from the sidewalk. Appellant countered that the tent was his protest sign and thus, protected by the First Amendment. Sergeant Young explained that, by failing to exit the tent, Appellant would be interfering with Sergeant Young's public duty in violation of the penal code. Appellant refused to move and was arrested and charged with interference with public duties and obstructing a public sidewalk. A jury convicted him of both offenses and the trial court assessed his punishment for each at thirty days in jail plus a $500 fine. Appellant brings five issues on appeal.

## II. DISCUSSION

### A. Sufficiency of the Evidence

In his first, second, and fifth issues, Appellant contends that the evidence is insufficient to show that (1) the arresting officer was performing a lawful duty in

3

attempting to remove Appellant's tent; (2) his tent was blocking the sidewalk; and (3) he was the person who committed the crimes alleged.

### 1. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364 S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

### 2. Appellant interfered with an officer performing a public duty

A person commits the offense of interference with public duties "if the person with criminal negligence interrupts, disrupts, impedes, or otherwise

4

interferes with . . . a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." Tex. Penal Code Ann. § 38.15(a)(1).

In his first issue, Appellant contends that the evidence is insufficient to support his conviction under this statute because his tent was not blocking the sidewalk, so the officer had no duty to remove it. Sergeant Young testified that it was "unreasonably inconvenient" for an individual to walk down the sidewalk because of the placement of Appellant's tent. He further testified that he believed the tent was both blocking and obstructing the sidewalk. He later added that although there were ten to twelve feet between the tents and the tree line bordering the sidewalk, a fellow officer was forced to "step out into the street" because the tent was blocking the passageway. Because Appellant's tent blocked part of the sidewalk, it necessarily impeded pedestrians from walking on that portion of the sidewalk. Viewing the evidence in the light most favorable to the verdict, we believe a rational trier of fact could have found beyond a reasonable doubt that the officer was acting lawfully in removing the tent. We overrule Appellant's first issue.

### 3. Appellant obstructed a public sidewalk by building a tent upon it

In his second issue, Appellant challenges the evidence to support his conviction for obstructing a highway or other passageway. The penal code provides that a person commits an offense:

[I]f, without legal privilege or authority, he intentionally, knowingly, or

5

> recklessly . . . obstructs a . . . sidewalk . . . to which the public or a substantial group of the public has access . . . regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others.
> Tex. Penal Code Ann. § 42.03(a)(1).

An obstruction means "to render impassable or to render passage unreasonably inconvenient or hazardous." Tex. Penal Code Ann. § 42.03(b). Appellant specifically argues that the evidence is insufficient to show that the sidewalk was obstructed.

Sergeant Young testified that Appellant's tent was large and comfortably fit four people. He noted several times throughout his testimony that he felt the tent was both blocking and obstructing the sidewalk. Sergeant Young also stated that the tent made it unreasonably inconvenient for pedestrians to continue on the sidewalk. Additionally, the specific placement of the tent caused a fellow officer to have to "step out into the street" because the tent was blocking the passageway. Appellant's counsel conceded during oral argument that because the tent was placed on a portion of the sidewalk, it rendered that portion impassable. However, he also points to Sergeant Young's conflicting testimony on the issue. In discussing the placement of the protestors' tents within the park, Sergeant Young indicated that the tents "were along . . . [a] treeline . . . on the sidewalk, lined up . . . against the street." He later added that the tents were located in between the trees. Sergeant Young also noted that there were planters located across from the tents, leaving ten to twelve feet of unencumbered walking space. Further, he stated that several people were

walking on the sidewalk in that location. Appellant argues that the evidence is disputed as to whether the tent was obstructing the entire sidewalk; therefore, it is insufficient to prove a violation of the statute. We disagree.

While conducting a sufficiency of the evidence review, we do not re-evaluate the weight and credibility of the evidence, but merely ensure the jury reached a rational decision. Viewing the evidence in the light most favorable to the verdict and giving deference to the credibility determinations of the factfinder, we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant blocked the sidewalk with his tent. We overrule Appellant's second point.

### 4. Appellant is the person who engaged in the conduct alleged

In his fifth issue, Appellant contends that the evidence is insufficient to support the jury's finding that Appellant was the individual who engaged in the conduct charged.

The Texas Court of Criminal Appeals has held that "the testimony of [an] eye witness alone [is] sufficient to support the jury's verdict." *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). In this case, the jury heard Sergeant Young's testimony identifying Appellant as the individual who committed the crimes alleged in the information:

Q. And after this, did you come into contact with an Anthony Momentoff in a tent?

A. That's correct.

7

Q. Do you see Mr. Momentoff in the courtroom today?

A. Yes, I do.

Q. Will you please point to where you identify the person as Anthony Momentoff and identify an article of clothing?

A. The gentleman sitting at the table with the blue shirt.

[PROSECUTOR]: Your Honor, may the record reflect that the witness has identified the defendant Anthony Momentoff.

Although the State asked the court to allow the record to reflect that Sergeant Young identified Appellant, the court did not respond. In *Rohlfing v. State*, the appellant was convicted of aggravated robbery. 612 S.W.2d 598, 600 (Tex. Crim. App. [Panel Op.] 1981). All the state's witnesses identified the appellant and an article of clothing he was wearing; however, the state failed to ask the court to allow the record to reflect that the witnesses identified the appellant. *Id.* at 601. The court of criminal appeals ultimately concluded that, "from a totality of the circumstances the jury was adequately apprised that the witnesses were referring to appellant." *Id.* Because the appellant failed to object at trial that the jury was misled by the in-court identification procedure, the presumption is that the appellant, and no one else, was the person accused of committing the crime. *Id.* Further, the court determined that the jury's verdict including the name of the appellant, coupled with the fact that no other individual was on trial in the case, was sufficient to prove identification, absent any objection from the appellant. *Id.*

In this case, Appellant did not object to the identification procedure at trial. His failure to object forfeited any complaint about possible confusion or misidentification. *See id.* Appellant alone was on trial for the crimes alleged. The information charged "Anthony Gordon Momentoff" with interference with public duties and obstructing a highway or other passageway. When arraigned and asked by name how he pled, Appellant's counsel entered a plea of "not guilty" to each count. Sergeant Young referred to Appellant by name in his testimony. Further, the jury saw Sergeant Young identify Appellant by pointing to where he sat. Each jury charge identified the person on trial as "Anthony Gordon Momentoff" and the jury found "the defendant . . . guilty as charged."

In reviewing the sufficiency of the evidence of an in-court identification, the test is whether we can conclude from a totality of the circumstances the jury was adequately apprised that the witnesses were referring to Appellant as the perpetrator of the offense. *Id.* We find that the evidence is sufficient to establish that Appellant was the perpetrator of each of the offenses for which he was convicted. We overrule Appellant's fifth point.

## B. Constitutionality

In his third issue, Appellant contends that his conviction violates the free-speech guarantees of the United States and Texas Constitutions.[2]

---

[2]Appellant waived his claim under the Texas Constitution at oral argument; thus, his issue is no longer multifarious as argued by the State. We address Appellant's third issue as arising solely under the United States Constitution.

## 1. Standard of Review

An evaluation of the constitutional limitations on protected speech first begins with the nature of the speaker's location. *Frisby v. Schultz*, 487 U.S. 474, 479, 108 S. Ct. 2495, 2500 (1988). The Supreme Court has identified three types of fora including "the traditional public forum, the public forum created by government designation, and the nonpublic forum." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802, 105 S. Ct. 3439, 3449 (1985). The Court has consistently characterized public streets and sidewalks "as the archetype[s] of a traditional public forum." *Frisby*, 487 U.S. at 480, 108 S. Ct. at 2500. As such, the government may impose reasonable time, place, and manner restrictions on protected speech when the restriction is content-neutral, is narrowly tailored to serve a significant government interest, and allows alternative channels of communication. *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293, 104 S. Ct. 3065, 3069 (1984). These constitutionally permissive governmental restrictions may be imposed on any type of "expression, whether oral or written or symbolized by conduct." *Id.*

## 2. Discussion

Appellant argues that Sergeant Young violated his First Amendment rights by ordering him to remove his tent and arresting him for not doing so. Specifically, he states that his tent effectively served as his protest sign; thus, he should have been permitted to place it on the sidewalk as part of his protected speech. Additionally, Appellant argues he did not violate section 38.15(a)(1) of

10

the penal code because he was peacefully disobeying an unconstitutional order. Tex. Penal Code Ann. § 38.15(a)(1).

Even assuming Appellant's tent qualified as speech under the First Amendment, his argument is without merit. Sergeant Young acted without regard to the content of Appellant's message when he asked that the tents be removed from the sidewalk. During trial, Sergeant Young stated that he asked Appellant and the other protestors to remove the tents because they were blocking and obstructing the sidewalk. At no point did Sergeant Young state that he considered the protestors' message in enforcing the statute. In fact, the officer specifically testified that he did not object to the signs or their content and did not advise the protestors they could not have the signs or carry them. His concern was that the tents blocked the sidewalk.

Additionally, there were several other channels in which the protestors could have (and did) convey their message. The protestors were able to participate in a march throughout downtown Fort Worth and even received the assistance of the police department. After the march, a band was allowed to perform in the park to celebrate the protest. Throughout the evening, the protestors were free to walk and chant on the sidewalks while carrying protest signs. At no point did the officers prevent the protestors from gathering, having the concert, chanting, or holding the signs. In fact, Sergeant Young testified that he had no issues with the protestors during the "two or three previous days" they had been in the area "marching and protesting."

11

Further, Sergeant Young's act was narrowly directed at removing the tent for the purpose of keeping the sidewalk free of any obstructions. The state has a significant interest in ensuring its citizens' safe and efficient use of public sidewalks. *See Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 768, 114 S. Ct. 2516, 2526 (1994) (noting state's "strong interest in ensuring the public safety and order, in promoting the free flow of traffic on public streets and sidewalks"). The removal of Appellant's tent furthered this interest.

The State's restrictions on Appellant's actions and placement of his tent were reasonable due to the time, place, and manner in which they were enforced. The officer allowed Appellant ample opportunity to comply with his orders. He first requested that the tents be taken down around 5:30 or 6:00 p.m. It was not until 9:00 p.m. that Appellant was arrested for not complying with the request. The tent, if left on the sidewalk, could have been a safety hazard as it was obstructing a portion of the sidewalk late in the evening when visibility would have been poor. The officer's actions were reasonable in light of the circumstances and did not infringe upon Appellant's constitutional rights. We overrule Appellant's third issue.

## C. Jury Charge

In his fourth issue, Appellant contends the trial court erred by overruling his objection to the jury charge on count one.

## 1. Standard of Review

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.* If error did occur, whether it was preserved determines the degree of harm required for reversal. *Id.*

Error in the charge, if timely objected to in the trial court, requires reversal if the error was "calculated to injure the rights of [the] defendant," which means no more than that there must be *some* harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *See Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Louis v. State*, 393 S.W.3d 246, 254 (Tex. Crim. App. 2012) (noting that Almanza harm-analysis standards are well-established). In other words, a properly preserved error will require reversal as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171. In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*; *see also Barron v. State*, 353 S.W.3d 879, 884 (Tex. Crim. App. 2011) (elaborating on the importance of considering the entire jury charge).

13

## 2. Discussion

At trial, Appellant requested that the charge include the statutory defense in section 38.15(d) of the penal code that Appellant's interference with Sergeant Young's public duties constituted speech only. Tex. Penal Code Ann. § 38.15(d). The trial court overruled the request. The statutory provision states "[i]t is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only." *Id.*

Defendants in criminal trials are entitled to a jury-charge instruction on any defensive or mitigating issue adduced by the evidence at trial. Tex. Penal Code Ann. § 2.03(c); *Arnold v. State*, 742 S.W.2d 10, 13 (Tex. Crim. App. 1987); *Kahn v. State*, 393 S.W.3d 519, 532 (Tex. App.—Austin 2013, pet. ref'd). This rule applies whether the evidence adduced is strong, weak, or contradicted and applies regardless of whether the trial judge believes the evidence is credible. *Arnold*, 742 S.W.2d at 13. A defendant raises an issue "if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that [the] element is true." *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007), *cert. denied*, 553 U.S. 1059 (2008).

The information in count one alleged that Appellant interfered with Sergeant Young by "refusing to evacuate the tent" Sergeant Young was attempting to remove. Appellant argues he adduced enough evidence at trial to show that his behavior was only speech. Specifically, he points to Sergeant

Young's testimony that Appellant claimed his tent was his protest sign. He also noted that the protestors hung protest signs on the tents. However, the focus of the analysis is not on the tent itself, but rather on Appellant's act of "refusing to evacuate the tent." Appellant's act of standing in his tent and refusing to allow the officer to remove it did not constitute "speech only." Appellate courts have consistently interpreted the statute as protecting only verbal forms of speech. *See Carney v. State*, 31 S.W.3d 392, 398 (Tex. App.—Austin 2000, no pet.) (determining that although appellant argued with officers and delayed their entry into his home, he did not physically impede them from entering); *see also Key v. State*, 88 S.W.3d 672, 676 (Tex. App.—Tyler 2002, pet. ref'd) (deciding that conduct of individual who repeatedly stepped off sidewalk in violation of officer's order was not speech only); *see also Dickerson v. State*, No. 01-05-00948-CR, 2006 WL 3316735, at *3 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (mem. op., not designated for publication) (discussing appellant's failure to restrain her dog after officer's repeated requests to do so constituted more than speech alone). We hold that Appellant engaged in conduct other than speech and committed a physical act that prevented Sergeant Young from performing his duty. The defense under section 38.15(d) was not raised by the evidence at trial; thus, it was not error to exclude it from the jury charge. Tex. Penal Code Ann. § 38.15(d). We overrule Appellant's fourth issue.

## III.  CONCLUSION

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 7, 2013