**Affirmed and Memorandum Opinion filed January 5, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00533-CR

### HOWARD HAMILTON DOTSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1568046**

### MEMORANDUM OPINION

Howard Hamilton Dotson appeals his conviction for aggravated robbery with a deadly weapon arguing the evidence presented at trial is legally insufficient to support his conviction. Because legally sufficient evidence supports Appellant's conviction, we affirm the trial court's judgment.

### BACKGROUND

In the evening of July 24, 2017, Complainant washed his Ford F-150 pickup

truck at a car wash and then parked it in a parking lot nearby to check Facebook on his cell phone. While Complainant was on his phone, Appellant and another man walked up to his truck and opened the door. Appellant pointed a gun at Complainant while the other man pulled Complainant out of the truck onto the ground and insulted him. Appellant and the other man took Complainant's wallet as he was laying on the ground. Appellant continuously pointed a gun at Complainant and threatened to kill him. Appellant and the other man then got into Complainant's truck and drove away with Complainant's work tools, cell phones, and wallet. Complainant ran to the nearby Lucky convenience store to call 9-1-1. Because he was placed on hold, he left the store and went home. At home, he told his wife what had happened and again called 9-1-1 to report the robbery.

The next morning, Complainant decided to look for his truck in the area where he had been robbed. He drove his wife's car and as he came to the Lucky store, he saw his truck parked nearby. He observed Appellant and the other robber nearby exit his truck and walk to a nearby apartment. Complainant went to the Lucky store to call the police. While he was waiting for the police, the two men returned to his truck and drove away. Complainant followed the two men in his wife's car, but he returned to the Lucky store because he believed the men realized he was following them. When he arrived at the store, a police officer was waiting for him. Complainant directed the police officer to the apartment he observed the two men enter and exit before he followed them. Later in the day, Complainant saw his truck parked at his apartment complex. The vehicle was in bad condition; his tools and radio were missing and it was dirty inside. He deflated the tires on his truck so it could not be driven away, and he again called the police.

On October 14, 2017, Complainant went to the police station and was presented with a photo array. Complainant identified Appellant within 10 to 15

seconds as the robber who pointed a gun at him and threatened him. He circled Appellant's photo and wrote his certainty level as "strong tentative." Appellant was indicted for aggravated robbery with a deadly weapon. At trial, Complainant again identified Appellant as the robber who threatened him with a gun during the robbery. A jury convicted Appellant as charged and assessed his punishment at ten years' confinement. Appellant filed a timely notice of appeal.

## ANALYSIS

### I. Legal Sufficiency

Appellant argues in his sole issue that the evidence is legally insufficient to support his aggravated robbery conviction. He contends that, although it is undisputed that Complainant was robbed at gunpoint by two men in a parking lot on July 24, 2017, there is insufficient evidence to establish that he was the person who robbed Complainant.

### A. Standard of Review and Governing Law

When reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 364 S.W.3d 292, 293-94 (Tex. Crim. App. 2012). The jury is the sole judge of the credibility of the witnesses and the weight afforded to their testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may choose to believe or disbelieve all or part of a witness's testimony, and we presume the jury resolved any conflicts in the evidence in favor of the prevailing party. *Thomas v. State*, 444 S.W.3d 4, 8, 10 (Tex. Crim. App. 2014); *Green v. State*, 607 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2020, no

3

pet.).

Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Thus, the jury may find guilt without physical evidence linking the accused to the crime. *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Likewise, the testimony of a single eyewitness can be sufficient to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Jackson v. State*, 530 S.W.3d 738, 742 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Walker v. State*, 180 S.W.3d 829, 832 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

To establish Appellant committed aggravated robbery in this case, the State was required to prove he committed robbery while using or exhibiting a deadly weapon. *See* Tex. Penal Code Ann. § 29.03(a)(2). As relevant here, a person commits robbery if, in the course of committing theft, and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id*. § 29.02(a)(2). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. *Id*. § 31.03(a). The State must prove beyond a reasonable doubt that the defendant is the person who committed the charged offense. *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984); *Bradley*, 359 S.W.3d at 916. Here, Appellant only challenges the robber's identity; he does not challenge any other element.

## B.     Evidence is Sufficient to Support Appellant's Conviction

Contrary to Appellant's assertion, there is legally sufficient evidence to establish he was the robber and to support his conviction. At trial, Complainant identified Appellant as the man who threatened him with a gun and robbed him of

4

his truck, wallet, and other property together with another robber on July 24, 2017. Complainant testified that Appellant and another man approached his truck and opened the door. He testified Appellant pointed a gun at him and threatened to kill him while the other man pulled him onto the ground. Complainant stated it was only a "little dark" during the robbery. He testified that he described the robbers to police as two black men about 25 to 30 years old with one robber having a shaved head; he testified that he described the robbers' height by gesturing with his hand. Complainant testified that he again recognized Appellant the day after the robbery when he saw Appellant and the other man exit his truck close to the Lucky store and then walk to and from a nearby apartment. Less than three months after the robbery, Complainant identified Appellant in a photospread. Complainant testified it took him "two seconds to identify" Appellant in the photospread. He testified that he remembers Appellant's face but he does not remember the other robber.

Officer Hayes, who presented the photospread to Complainant in a double-blind process on October 14, 2017, confirmed that Complainant identified Appellant as the robber who pointed a gun at him. He testified that he gave Appellant a folder containing the photospread, left the room, and Complainant called him back into the room within 10 to 15 seconds because he had identified Appellant and circled Appellant's photo. According to Officer Hayes, Complainant made a "strong tentative" identification, which meant Complainant thought Appellant was the robber but could not "say with absolute certainty." Officer Hayes explained that Complainant "indicated that the person that had robbed him had less hair" but nonetheless stated "that is the one that put a gun to my head."

Further, Officer Connealy testified at trial that he responded to a "robbery delayed report call" the evening of July 24, 2017. When he met Complainant at his

5

apartment, Complainant was very stressed and anxious. Officer Connealy testified that Complainant described the robbers as two young black males and told Officer Connealy that he would be able to identify the robber who pointed a gun at him but would be unable to identify the second robber.

In his appellate brief, Appellant mainly relies on *Neil v. Biggers*, 409 U.S. 188 (1972) (and its progeny) to argue that Complainant's identification of him is too unreliable, thereby rendering the evidence legally insufficient to support the jury's verdict. However, *Biggers* concerned the admissibility of an in-court identification when it was alleged that pretrial identification procedures were impermissibly suggestive in violation of the defendant's due process rights under the Fourteenth Amendment. *See Biggers*, 409 U.S. at 194-99. The Supreme Court (1) examined whether the suggestiveness of a pretrial identification procedure alone warranted exclusion of evidence that resulted from that procedure, and (2) articulated five non-exclusive factors trial courts should consider in deciding whether to exclude evidence resulting from a procedure the court has found to be impermissibly suggestive. *Id*. at 198-200. The issue in *Biggers* was one of admissibility of a pretrial identification based on a suggestive procedure, not the weight to be afforded that identification once it is admitted into evidence. *See id*.

Appellant makes no such claim in this case. He did not complain in the trial court about the procedure underlying Complainant's pretrial identification. He did not file a motion to suppress the identification, nor did he object at trial to Complainant's testimony regarding his identification. We find Appellant's reliance on *Biggers* is misplaced with respect to the issue he asserts on appeal, *i.e.*, legal insufficiency of the evidence. Rather than challenge the admissibility of Complainant's identification testimony, Appellant seemingly imposes the *Biggers* reliability and admissibility factors onto his sufficiency analysis. He contends no

6

rational factfinder could have found beyond a reasonable doubt that he was a robber in this case because (1) Complainant was able to observe the robber holding a gun for only a short time in limited lighting, (2) the robbery "was a harrowing experience for the Complainant affecting his ability to pay attention to the robber's face", (3) Complainant was not able to give a detailed description of the robbers' physical characteristics, and (4) Complainant's "in-court identification of Appellant as the assailant occurred two full years after the date of the incident."

Appellant cites no authority supporting the notion that the *Biggers* factors control, or even apply to, a legal sufficiency review of the evidence. Appellant's trial counsel thoroughly cross-examined Complainant as well as other witnesses, and he was free to incorporate the *Biggers* factors into his trial strategy by emphasizing them on witness cross-examination and by arguing to the jury that it should consider the Complainant's identification evidence unreliable. *See Jackson*, 530 S.W.3d at 744.

As the sole judge of witness credibility, the jury decided to believe Complainant's eyewitness testimony and resolved any conflicts in the evidence it heard at trial. *Id*. The jury found Complainant's testimony and identifications of Appellant credible, and we will not substitute our judgment for that of the jury. *See Montgomery*, 369 S.W.3d at 192; *Jackson*, 530 S.W.3d at 744.

Although Complainant did not give police a detailed or precise description of the robber's physical features, an imperfect description does not change the fact that Complainant positively identified Appellant twice. *See Bradley*, 359 S.W.3d at 918. Further, there is no evidence that the "harrowing experience" of the robbery affected Complainant's "ability to pay attention to the robber's face." Complainant was confident he could identify the robber who pointed the gun at him; he told Officer Connealy the evening of the robbery that he could identify the

7

robber with the gun but not the other robber. Complainant testified unequivocally, "I remember his face. The other one, I don't." There is no evidence contradicting Complainant's eyewitness identification and the testimony of a single eyewitness can be enough to support a conviction. *See Aguilar*, 468 S.W.2d at 77; *Jackson*, 530 S.W.3d at 742.

Based on the record before us and viewing all of the evidence presented to the factfinder in the light most favorable to the verdict, we conclude a rational factfinder could have found beyond a reasonable doubt that Appellant committed the offense of aggravated robbery with a deadly weapon. We hold the evidence is legally sufficient to support Appellant's conviction. Accordingly, we overrule Appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/s/     Meagan Hassan
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Hassan.
Do Not Publish — Tex. R. App. 47.2(b).