

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00100-CR

---

CHRISTIAN RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. CC-2022-CR-2267, Honorable Tom Brummett, Presiding

---

December 9, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following plea of not guilty, Appellant, Christian Rodriguez, was found guilty by a jury of assault-family violence.[1]  By her sole issue, she challenges the sufficiency of the evidence supporting her conviction.  We affirm.

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2); TEX. FAM. CODE ANN. § 71.004.

## BACKGROUND

This appeal arises out of an allegation of domestic assault in Lubbock, Texas. On the evening of July 2022, Appellant had a confrontation with her ex-husband while picking up her two sons from his house. During their argument, ex-husband called his mother, who heard ex-husband yelling at Appellant to stop punching him in the face. The phone hung up abruptly during the call, and his mother called the police out of concern for her son's safety. A friend of Appellant, who was on her way to meet her, arrived in her car just as the altercation ended. Moments later, the police arrived, and the responding officers interviewed Appellant, her friend, and ex-husband. They then took pictures of ex-husband's injuries and gave him information regarding domestic violence resources. After an investigation by the Special Crimes Unit, Appellant was charged with assault-domestic violence.

The case was tried to a jury which returned a verdict of guilty. Appellant was sentenced to 365 days of imprisonment, suspended for twenty-four months with community supervision, and $460 in court costs.

## STANDARD OF REVIEW

In a sufficiency challenge, the only standard a reviewing court should apply is whether a rational jury could have found each essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the sufficiency of the evidence, we consider all evidence, direct and circumstantial and whether properly or improperly admitted, and view it in the light most

2

favorable to the verdict. *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). In doing so, we compare the statutory elements as defined by a hypothetically correct jury charge. *Id.* The trier of fact is the sole judge of the credibility and weight to be attached to the evidence. *Id.* When the record supports conflicting inferences, we presume the trier of fact resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

## ANALYSIS

Appellant contends the evidence presented at trial was insufficient for the jury to find her guilty beyond a reasonable doubt of the offense of assault-family violence. In order to find Appellant guilty of the offense, the State had to prove the following elements beyond a reasonable doubt:

(1) a person intentionally, knowingly, or recklessly,

(2) causes bodily injury, threatens imminent bodily injury, or causes offensive or provocative physical contact to another, and

(3) the other person is a "family member."

TEX. PENAL CODE ANN. § 22.01(a); TEX. FAM. CODE ANN. § 71.004(a). "Family member" includes:

[I]ndividuals . . . who are former spouses of each other, individuals who are the parents of the same child, . . . without regard to whether those individuals reside together.

TEX. FAM. CODE ANN. § 71.003.

The following evidence of the assault was admitted at trial:

- bodycam footage from a responding officer who interviewed both Appellant, Appellant's friend, and her ex-husband—Appellant and

3

her friend claimed the argument was only verbal while ex-husband claimed injuries and described a physical altercation;

- a recording of the 911 call made by ex-husband's mother reporting the assault;

- photographs of the injuries received by ex-husband;

- Ring Camera video footage from ex-husband's house showing Appellant hitting her ex-husband in the head with a bag one month after the assault;

- testimony from:

  - the responding officer whose bodycam footage was presented to the jury, corroborating the bodycam footage and his observation Appellant attempted to hide the fact of the assault while ex-husband reported the incident;

  - ex-husband, who testified Appellant punched him in the face, in the back of the head, was bitten when he attempted to restrain her, and the history of abuse he suffered from Appellant; and

  - ex-husband's mother, testifying she heard the assault during a phone call with her son and that is why she called 911; and

- copy of Appellant's petition for divorce in which she identified ex-husband as the father of their two children.

The evidence presented demonstrated the ex-husband suffered bodily injury, those injuries were knowingly and intentionally caused by Appellant, and he was a "family member."  Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient for the jury to find each element of the offense beyond a reasonable doubt.

Appellant nonetheless argues because the testimony of Appellant's witnesses, including her friend and her parents, conflicted with the account given by ex-husband, the jury was prevented from finding each element of the offense beyond a reasonable doubt. The jury is the sole judge of the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties.  *Womack v. State*, No. 07-19-00399-CR, 2021 Tex. App. LEXIS 6091, at *8 (Tex. App.—Amarillo July 29, 2021, pet.

4

ref'd) (mem. op., not designated for publication) (citing *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)).  A jury is entitled to accept one version of the facts and reject another or reject any of a witness' testimony.  *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) (citations omitted); *accord Chambers*, 805 S.W.2d at 461.  The ex-husband's testimony, standing alone, was sufficient to prove beyond a reasonable doubt the elements of the offense.  *Randell v. State*, No. 07-11-00493-CR, 2013 Tex. App. LEXIS 742, at *8 (Tex. App.—Amarillo Jan. 25, 2013, pet. ref'd) (mem. op., not designated for publication) (citation omitted); *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971).  In this case, the jury clearly credited ex-husband's testimony and discounted the testimony of Appellant and her witnesses.

Finally, Appellant also argues, because she presented evidence she assaulted ex-husband in self-defense, the State bore the burden of presenting sufficient evidence to find beyond a reasonable doubt against Appellant on her claim of self-defense.  She claims the conflicting testimony prevented the State from meeting this burden, thereby rendering the evidence legally insufficient to support her conviction.  We disagree.

Contrary to Appellant's assertion, the State did not have the burden to disprove Appellant's self-defense claim beyond a reasonable doubt.  In a claim of self-defense, the defendant bears the burden to produce evidence supporting the defense, while the State bears the burden of persuasion to disprove the raised issues.  *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018) (citation omitted).  The State's burden of persuasion "is not one that requires the production of evidence; rather it requires only that the State prove its case beyond a reasonable doubt."  *Id.* (quoting *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991)).  "Defensive evidence which is merely

5

consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient since the credibility determination of such evidence is solely within the jury's province and the jury is free to accept or reject the defensive evidence." *Id.* (quoting *Saxton*, 804 S.W.2d at 914). However, the issue of self-defense is an issue of fact to be determined by the jury, and "[a] jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory." *Id.* (quoting *Saxton*, 804 S.W.2d at 914).

Assuming *arguendo* Appellant met her burden to produce sufficient evidence of her self-defense claim, the jury rejected her theory through its guilty verdict. Because the jury rejected her self-defense claim, the State met its burden of persuasion to disprove the claim. Thus, her self-defense evidence did not render the State's evidence insufficient, and the State did not bear the burden of having to disprove her claim of self-defense beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. §§ 2.03, 2.04.

The cumulative force of the evidence, when viewed in the light most favorable to the jury's verdict, was sufficient to support the finding Appellant committed the offense beyond a reasonable doubt. We overrule Appellant's sole issue.

## CONCLUSION

The judgment of the trial court is affirmed.

Alex Yarbrough
Justice

Do not publish.

6